■ S.C. FREIDFERTIG BUILDERS, LTD., Respondent, v ROBERT M. SPANO PLUMBING & HEATING, INC., Respondent, and VILLAGE OF SCARSDALE, Appellant.—In an action to recover property damages caused by a fire on the plaintiff's premises, the defendant Village of Scarsdale appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered November 27, 1989, which denied, without prejudice to renew upon completion of pretrial discovery, its motion for summary judgment dismissing the plaintiff's complaint and the codefendant's cross claim insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

This action arises from a fire which destroyed residential premises owned by the plaintiff corporation which had been undergoing extensive renovation. The fire allegedly began when an employee of the defendant Robert M. Spano Plumbing & Heating, Inc. (hereinafter Spano), which firm was under contract to do plumbing work at the subject premises, was

working in the premises with an acetylene torch. The Fire Department of the Village of Scarsdale arrived at the scene and apparently extinguished the fire with minimal damage to the premises. The Spano employee stated that, upon seeing smoke still rising from the chimney area, he inquired of a Fire Captain and was assured that the smoke was, in fact, only steam resulting from cool water having dampened the warm chimney. The employee allegedly communicated these assurances to the plaintiff's president, Shlomo Freidfertig, when he arrived at the scene. Apparently relying on these assurances, Freidfertig returned to his home. Twelve hours later, a rekindling of the original fire completely destroyed the structure.

The plaintiff thereafter commenced this negligence action against Spano and the Village of Scarsdale. The defendant Village subsequently moved for summary judgment on the basis that it could not be held liable to a plaintiff with whom it had had no direct contact and thus had formed no special relationship to protect its premises in particular. The Village also sought summary judgment dismissing the cross claim for contribution, similarly on a theory that it owed it no special duty under these circumstances. The Supreme Court denied the motion, and we affirm.

As a general rule, a municipality will not be held liable for negligence in the performance of a governmental function, including police and fire protection, unless a special relationship is found to exist between the municipality and the injured party *(see, Cuffy v City of New York,* 69 NY2d 255; *De Long v County of Erie,* 60 NY2d 296). Since limited community resources determine the amount of police and fire protection that may be provided, this rule assures that such allocation is kept within predictable limits *(see, Kircher v City of Jamestown,* 74 NY2d 251).

In order to form a special relationship, there must exist, *inter alia,* "some form of direct contact between the municipality's agents and the injured party" *(Cuffy v City of New York, supra,* at 260). On the record before us, we conclude that the Village failed to establish the absence of an issue of fact as to the existence of such contact between the plaintiff and the Fire Department. Unlike the situation involving the plaintiff Ralston Cuffy in *Cuffy v City of New York (supra),* on this record it has not been established as a matter of law that the person with whom the municipality's agent had actual contact and to whom that agent made assurances was not acting on behalf of the plaintiff and did not obtain those assurances on the plaintiff's behalf. More importantly, the evidence submit-

ted in opposition to this summary judgment motion indicates that the plaintiff knew of the assurances made by the Fire Department and relied on those assurances to his detriment *(see, Sorichetti v City of New York,* 65 NY2d 461; *cf., Cuffy v City of New York, supra,* at 262; *Shinder v State of New York,* 62 NY2d 945; *Helman v County of Warren,* 111 AD2d 560, 561-562, *affd* 67 NY2d 799). Since a triable issue of fact is present regarding the existence of a special relationship between the plaintiff and the Village, we conclude that the Supreme Court did not err in denying the Village summary judgment against the plaintiff.

Further, the record before this court does establish the existence of a special relationship between the Village and Spano, by virtue of an assumption by the Fire Department of an affirmative duty to act in extinguishing the fire, knowledge on the part of the Fire Department that inaction could lead to harm, direct contact between the Fire Department and Spano's employee, and justifiable reliance by Spano's employee upon the assurances of the Fire Department's employee *(see, Kircher v City of Jamestown,* 74 NY2d 251, 257, *supra).* Thus, the Supreme Court did not err in denying the Village summary judgment on the cross claim by Spano for contribution *(see, Garrett v Holiday Inns,* 58 NY2d 253; *see also, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 71 NY2d 599; *Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559). Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.