◼ HARRIET MILLER et al., Respondents, v MORANIA OIL OF LONG ISLAND, O.C.P., INC., Respondent, et al., Defendants, and TOWN OF NORTH HEMPSTEAD, Appellant. [599 NYS2d 303] —In an action to recover damages for injury to property, the defendant Town of North Hempstead appeals from an order of the Supreme Court, Nassau County (McCabe, J.), entered March 14, 1991, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

On December 6, 1987, the plaintiffs arrived at their home in Great Neck, Long Island and found that a fire was in progress. Alert Fire, Engine, Hook, Ladder & Hose Co. No. 1 was called and came to the scene within minutes. Some time later, the Fire Chief told the plaintiffs that the fire was extinguished and that the plaintiffs could safely retrieve a few personal items from the house and then board up the house and put their car back into the garage. The plaintiffs acted upon the Fire Chief's assurances and then left to spend the night

elsewhere. Several hours later, the fire rekindled and destroyed the house.

The plaintiffs commenced an action, against, among others, the Town of North Hempstead (hereinafter the Town) for the negligence of the Fire Company on the theory that a special relationship was established between the Fire Company and the plaintiffs. The Town moved, *inter alia*, for summary judgment on the grounds that it could not be held liable for the Fire Company's negligence because the Fire Company was an independent contractor and the Town exercised no control over it, and the Town could not be held liable for the alleged negligent performance of a governmental function.

The Supreme Court denied the request for summary judgment, concluding that the Town could not avoid liability on the basis of its contract with the Fire Company because the Town remained statutorily responsible to provide fire protection services under Not-For-Profit Corporation Law § 1402 (e), and that whether a special relationship was established between the Fire Company and the plaintiffs was a question for the trier of fact. We affirm.

Not-For-Profit Corporation Law § 1402 (e) provides, in pertinent part, that "A fire, hose, protective or hook and ladder corporation heretofore incorporated under * * * this section shall be under the control of the city, village, fire district or town authorities having, by law, control over the prevention or extinguishment of fires therein." This statutory mandate is dispositive of the Town's first contention *(see, Cuddy v Town of Amsterdam,* 62 AD2d 119). Further, the Town concedes that it established a "fire protection district" pursuant to Town Law § 184 (1), thereby remaining responsible for providing fire protection *(see, Nelson v Garcia,* 152 AD2d 22; *Knapp v Union Vale Fire Co.,* 141 AD2d 509).

As to the Town's liability for the alleged negligent performance of a governmental function, the general rule is that a municipality may not be held liable for the negligent exercise of a governmental function, such as providing fire protection, unless a special relationship is found to exist between the municipality and the injured party *(see, Cuffy v City of New York,* 69 NY2d 255). We find that there was sufficient evidence from which a trier of fact could find that a special relationship existed between the plaintiffs and the Town *(see, Freidfertig Bldrs. v Spano Plumbing & Heating,* 173 AD2d 454, 456; *see also, Chiplock v Niagara Mohawk Power Corp.,* 134 AD2d 96). Sullivan, J. P., Balletta, Lawrence and Joy, JJ., concur.