◼ PAUL TAMMARO et al., Respondents, v COUNTY OF SUFFOLK, Appellant, ROBIN PETERS et al., Respondents, et al., Defendant. (Action No. 1.) EUGENE CHANG et al., Plaintiffs, v ROBIN PETERS et al., Respondents. (Action No. 2.) (And Two Third-Party Actions.) [638 NYS2d 121] —In two related actions to recover damages for personal injuries, etc., the County of Suffolk appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated April 21, 1994, as denied its motion for summary judgment dismissing the complaint, cross claims, and third-party complaints against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, and the complaint, cross claims, and third-party complaints insofar as asserted against the County of Suffolk are dismissed.

We disagree with the Supreme Court's conclusion that a special relationship existed between the County of Suffolk (hereinafter the County) and the plaintiff Paul Tammaro. The elements of a special relationship are: (1) the assumption by the governmental entity of an affirmative duty to act on behalf of the injured party, (2) knowledge that inaction would lead to harm, (3) direct contact between the governmental entity and the injured party, (4) justifiable reliance by the injured party on the affirmative undertaking *(see, Freidfertig Bldrs. v Spano Plumbing & Heating,* 173 AD2d 454, 455-456).

In this case, Tammaro's own deposition testimony established that he did not rely on the alleged conduct of the County police officer. Since, as a general rule, a municipality may not be held liable for injuries resulting from negligence in the performance of a governmental function absent a special relationship *(see, Garrett v Holiday Inns,* 58 NY2d 253, 261; *Freidfertig Bldrs. v Spano Plumbing & Heating, supra,* at 455), the County's motion for summary judgment should have been granted.

We do not reach the issue discussed by our dissenting colleague as, contrary to her conclusion, the necessity of establishing a special relationship was not addressed by any of the parties on this appeal. The cases cited for the proposition that we have the authority to consider issues not raised by the parties are distinguishable from the case before us. Thompson, J. P., Sullivan and Altman, JJ., concur.

Goldstein, J., dissents and votes to affirm the order appealed from, with the following memorandum: This case involves the alleged negligence of a Suffolk County police officer at an accident site. The plaintiff Paul Tammaro was stopped in the left turning lane in the eastbound side of Veterans Memorial Highway at its intersection with Old Willets Path. It is alleged that, because of an accident on Old Willets Path, the officer directed Mr. Tammaro to move back out into the eastbound left lane and proceed straight on Veterans Memorial Highway. Mr. Tammaro claims he initially did not comply with the officer's direction, because there was too much traffic, and he felt it would be unsafe. However, the officer pointed to Mr. Tammaro, and again motioned to him to proceed. Mr. Tammaro saw no traffic, so he complied, pulling out into the left eastbound traffic lane. As he did so, he was struck by a vehicle driven by the codefendant Robin Peters.

The Supreme Court, Suffolk County, noting that the Court of Appeals has "generally declined to hold municipalities subject to tort liability for their failure to furnish adequate police protection" in the absence of a "special relationship", held that such a special relationship existed between Mr. Tammaro and the Suffolk County police officer. My colleagues find that there was no "special relationship". I believe that "special relationship" has no applicability to the facts in this case.

It is well settled that municipalities surrendered their common-law tort immunity for the misfeasance of their officers or employees long ago *(see, Bernardine v City of New York,* 294 NY 361). Municipalities have been held liable for damages resulting from such negligent conduct as allowing a police horse to run away *(Bernardine v City of New York, supra),*

negligent placement of traffic signs on a highway *(Nowlin v City of New York,* 81 NY2d 81), improper maintenance of a stop sign *(Murphy v De Revere,* 304 NY 922), retaining on the force a habitually drunken police officer who shot and killed a citizen *(McCrink v City of New York,* 296 NY 99), and negligently maintaining a highway *(see, Wingerter v State of New York,* 58 NY2d 848).

However, in the seminal case of *Schuster v City of New York* (5 NY2d 75), the Court of Appeals held that limiting governmental liability to acts of misfeasance was an "incomplete formula" *(Schuster v City of New York, supra,* at 82), because nonfeasance could be a basis for liability where "inanaction would commonly result, not negatively merely in withholding a benefit, but positively or actively in working an injury" *(Moch Co. v Rensselaer Water Co.,* 247 NY 160, 167). Thus, the Court of Appeals held that nonfeasance could give rise to liability where a special relationship existed between the parties.

In *Cuffy v City of New York* (69 NY2d 255, 260), the Court of Appeals described the elements of a "special relationship". noting that, where those elements were present, a municipality could be held liable for a "failure" to provide police protection.

However, if a police officer is charged with misfeasance, the "special relationship" doctrine does not apply *(see, Rodriguez v City of New York,* 189 AD2d 166, 172 ["(t)he special duty rule is limited to cases involving nonfeasance"]; *Berliner v Thompson,* 149 AD2d 887, 889 [absence of special relationship does not preclude liability for misfeasance]; *Joy v City of Jamestown,* 207 Misc 873, *affd* 286 App Div 991; 18A McQuillin, Municipal Corporations § 53.80.10 [3d ed]). In *Joy v City of Jamestown (supra),* the court held that the mere failure to maintain a traffic officer at an intersection would not give rise to liability while the negligent direction of traffic was an "affirmative act" for which liability could be imposed *(see,* 18A McQuillin, Municipal Corporations § 53.80.10 [3d ed]).

Where the gravamen of the complaint is a failure to enforce the law or perform a duty owed to the general public, promises or assurances that the law has been enforced or the duty has been performed will only give rise to liability if the plaintiff has relied on those assurances *(see, Garrett v Holiday Inns,* 58 NY2d 253; *Miller v Morania Oil,* 194 AD2d 770; *Freidfertig Bldrs. v Spano Plumbing & Heating,* 173 AD2d 454). However, this case does not involve affirmative assurances or promises that the law had been enforced or a duty had been performed. Rather, this case involves allegations of misfeasance, i.e., the negligent direction of traffic *(see, Joy v City of Jamestown,*

*supra).* Thus, the issue here is not whether there was a special relationship between the police officer and Mr. Tammaro, but whether the officer's conduct was a proximate cause of the accident *(see,* 18A McQuillin, Municipal Corporations § 53.80.10 [3d ed]).

My colleagues in the majority rely on the "special relationship" doctrine but do not reach the issue of its applicability, because, in their veiw, that issue "was not addressed by any of the parties to this appeal". On the contrary, the respondents noted before the Supreme Court that the gravamen of their claims did not "related to a failure to provide police protection", that the County acted affirmatively in directing traffic, and thus cannot "escape liability for its negligent execution", and that the issue was whether the officer's conduct was a proximate cause of the accident. Those arguments were reiterated on appeal. Indeed, two of the respondents rely on the decision in *Rodriguez v City of New York* (189 AD2d 166, *supra)* and argue that the appellant could be found liable to the plaintiffs "in view of the clear evidence on the record of a special relationship between the municipality and Tammaro, *and* the municipality's affirmative assumption of a duty in connection therewith" (emphasis supplied). The fact that they argued, in the alternative, that a "special relationship" may have existed, rather than challenging the determination of the Supreme Court in their favor head on, should not be held against them *(see,* CPLR 3014 [pleading in the alternative permitted]). In any event, it is well settled that the courts are not bound by the parties' formulation of the issues *(see, Matter of Wiley v Altman,* 52 NY2d 410, 414, n 6; *Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342, 349). Nor are the courts bound by the parties' opinion as to what the law is or should be *(see, People v Mussenden,* 308 NY 558, 566, n 2).

On the question of proximate cause, the Supreme Court noted that the police officer's conduct was "temporally close to the conduct of the plaintiff, and in fact, influence[d] such plaintiff's conduct" so as to create a question of fact for the jury *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). If Mr. Tammaro's testimony is credited, it demonstrates, prima facie, that, although Mr. Tammaro did not blindly rely on the officer's directions, those directions did influence his conduct. The fact that Mr. Tammaro also relied on his own observations goes to the issue of comparative negligence, and would not absolve the police officer of liability.

Accordingly, summary judgment was properly denied.