■ NINA S. KUBECKA et al., Respondents, v STATE OF NEW YORK, Appellant. [672 NYS2d 122] —In a claim, *inter alia,* to re-

cover damages for wrongful death, the defendant State of New York appeals from an interlocutory judgment of the Court of Claims (Silverman, J.), dated January 8, 1997, which, upon a finding that it failed in its duty to provide reasonable protection to the decedents Robert M. Kubecka and Donald E. Barstow as cooperating witnesses with the New York State Organized Crime Task Force, is in favor of the claimants and against it on the issue of liability.

Ordered that the interlocutory judgment is affirmed, with costs.

The trial evidence established that a special relationship existed between the New York State Organized Crime Task Force (hereinafter OCTF) and the decedents Robert Kubecka and Donald Barstow, pursuant to which the decedents were providing assistance to OCTF in its investigation of organized crime in the Long Island carting industry. The elements of a special relationship are: (1) the assumption by the governmental entity of an affirmative duty to act on behalf of the injured party, (2) knowledge that inaction would lead to harm, (3) direct contact between the governmental entity and the injured party, and (4) justifiable reliance by the injured party on the affirmative undertaking (*see, Mastroianni v County of Suffolk,* 91 NY2d 198; *Cuffy v City of New York,* 69 NY2d 255, 260; *Tammaro v County of Suffolk,* 224 AD2d 406).

The evidence revealed that OCTF agents solicited Kubecka and Barstow to cooperate in that agency's investigation into illegal garbage carting in Suffolk County. As part of the arrangement, OCTF gave Kubecka and Barstow, and their families, assurances that they would be protected from harm if they cooperated with the investigation, which started in 1982. Furthermore, several OCTF agents knew, and testified that they knew, of the potential for physical harm and death to the informants in this case. Robert Kubecka and Donald Barstow had direct contact with various OCTF agents and certain of these agents had even given them their home telephone numbers.

Finally, in view of the past efforts that OCTF had made on behalf of the victims' families in response to threats made against them, and of which efforts the victims were aware, it is clear that the victims justifiably relied on OCTF taking appropriate protective measures as needed. OCTF failed, however, to take adequate protective measures on August 9, 1989, after Robert Kubecka told OCTF of a threatening call to him that day. On the following day he and Donald Barstow were shot and killed in their business office. As the State

breached its duty to provide reasonable protection to the decedents, an interlocutory judgment in favor of the claimants and against the State on the issue of liability was properly entered. Rosenblatt, J. P., Copertino, Goldstein and McGinity, JJ., concur.