■ VLADIMIR KODRYANU et al., Appellants, v CITY OF NEW YORK, Respondent, and FRED C. TRUMP et al., Appellants. [709 NYS2d 627] —In an action to recover damages for personal injuries and wrongful death, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 25, 1999, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Fred C. Trump, Chase Manhattan Bank, and Irwin Durben separately appeal from so much of the same order as granted that branch of the City's motion which was for summary judgment dismissing their cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted by the Kodryanu plaintiffs and the cross claims relating to those plaintiffs and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The instant action arose from a fire that occurred on January 24, 1994, at an apartment building where the plaintiffs resided. At about 2:40 A.M., the New York City Fire Department responded to an alarm concerning a fire in an abandoned vehicle located in the parking garage of the adjacent building. The portion of the garage where the vehicle fire was located extended below the building where the plaintiffs resided. Before leaving the scene after extinguishing the fire, one of the firefighters allegedly told the plaintiff Vladimir Kodryanu, "Don't worry" and to "go back to sleep". Unfortunately, the Fire Department had not detected that the fire had spread up through the walls of the plaintiffs' building, and at 3:32 A.M. the Fire Department returned to the scene. The fire caused property damage and injuries.

As a general rule, a municipality may not be held liable for injuries resulting from negligence in the performance of a governmental function absent a special relationship (*see, Garrett v Holiday Inns,* 58 NY2d 253, 261; *Kilfoil v Town of Southold,* 211 AD2d 700, 701). "The elements of a special relationship are: (1) the assumption by the governmental entity of an affirmative duty to act on behalf of the injured party, (2) knowledge that inaction would lead to harm, (3) direct contact between the governmental entity and the injured party, [and] (4) justifiable reliance by the injured party on the affirmative undertaking" (*Tammaro v County of Suffolk,* 224 AD2d 406, citing *Freidfertig Bldrs. v Spano Plumbing & Heating,* 173 AD2d 454, 455-456; *see also, Cuffy v City of New York,* 69 NY2d 255).

The City failed to establish, as a matter of law, the absence of an issue of fact as to the existence of a special relationship between the Fire Department and the plaintiff Vladimir Kodryanu and his family (*see, Miller v Morania Oil,* 194 AD2d 770; *Freidfertig Bldrs. v Spano Plumbing & Heating, supra*). However, the remaining plaintiffs failed to show that they had any direct contact with the Fire Department, and thus failed to meet the third element necessary for the creation of a special relationship. Joy, J. P., S. Miller, Luciano and Smith, JJ., concur.