Peters, P. J.
Appeal from an order of the Supreme Court (Connolly, J.), entered July 13, 2015 in Albany County, which granted defendants’ motion for summary judgment dismissing the complaint.
*1485 On the evening of February 2, 2013, a fire occurred at plaintiffs’ home in the City of Albany. Plaintiff John Trimble immediately called 911 to report the emergency, and defendant Department of Fire and Emergency Services of the City of Albany (hereinafter the Department) responded to the scene and undertook efforts to extinguish the fire. Plaintiffs allege that, some time later, the Department’s lead investigator advised them that the fire had been fully extinguished and that it was safe to enter the premises. Accordingly, plaintiffs reentered the home to secure the premises and remove certain personal belongings and then left to spend the night with relatives. Several hours later, the fire rekindled and destroyed the house. Following an investigation, the Department’s Fire Investigative Unit concluded that the rekindling of the fire was caused by embers from the initial fire that had gone undetected in a window well beneath the kitchen.
Plaintiffs commenced this negligence action against defendants seeking to recover damages. Defendants moved to dismiss the complaint on the grounds that plaintiffs’ allegations failed to establish the existence of a special relationship giving rise to a duty of care and, further, that the firefighters on the scene were performing discretionary governmental functions for which liability cannot be imposed. Such motion was thereafter converted to a motion for summary judgment and the parties were provided additional time to submit evidentiary proof on the issue of governmental immunity. Following the parties’ submissions, Supreme Court granted defendants’ motion and dismissed the complaint, finding the absence of a special relationship and that defendants were, in any event, entitled to governmental immunity from liability. For the reasons that follow, we reverse.
Generally, a municipality may not be held liable for the negligent performance of a governmental function, such as police and fire protection, because the duty to provide such protection is owed to the public at large rather than to any particular individual (see Applewhite v Accuhealth, Inc., 21 NY3d 420, 425-426 [2013]; Valdez v City of New York, 18 NY3d 69, 75 [2011]; Laratro v City of New York, 8 NY3d 79, 82-83 [2006]). “However, where a municipality voluntarily undertakes to act on behalf of a specific citizen, who relies on a promise of protection offered by the municipality to his or her detriment, liability will attach because the municipality will have created a special relationship with the citizen seeking protection” (Stata v Village of Waterford, 225 AD2d 163, 167 [1996]; see Coleson v City of New York, 24 NY3d 476, 481 [2014]; Kircher v City of *1486 Jamestown, 74 NY2d 251, 256 [1989]). To establish a special relationship, plaintiffs were required to show: “(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality’s agents that inaction could lead to harm; (3) some form of direct contact between the municipality’s agents and the injured party; and (4) that party’s justifiable reliance on the municipality’s affirmative undertaking” (Cuffy v City of New York, 69 NY2d 255, 260 [1987]; accord Coleson v City of New York, 24 NY3d at 481; McLean v City of New York, 12 NY3d 194, 201 [2009]).
Construing the evidence in the light most favorable to plaintiffs and providing them the benefit of every favorable inference (see McKenna v Reale, 137 AD3d 1533, 1534 [2016]; Bynum v Camp Bisco, LLC, 135 AD3d 1060, 1061-1062 [2016]), we conclude that plaintiffs raised a triable issue of fact as to whether a special relationship existed. With regard to the first element, there is no dispute that defendants’ agents dispatched the Department to plaintiffs’ residence in response to their 911 call for assistance and that the responding crew thereafter assumed control over the ongoing fire. Even if the Department’s actions in that regard simply constituted the performance of a duty owed to the public generally (compare De Long v County of Erie, 60 NY2d 296, 304-305 [1983], Grieshaber v City of Albany, 279 AD2d 232, 235 [2001], lv denied 96 NY2d 719 [2001], and Page v City of Niagara Falls, 277 AD2d 1047, 1047 [2000], with Bishop v Bostick, 141 AD2d 487, 488 [1988], and Kroger v City of Mount Vernon, 104 AD2d 855, 856 [1984]), we are of the view that, by making affirmative representations to plaintiffs that the fire had been fully extinguished and that it was safe to reenter the home, the Department assumed an affirmative duty to plaintiffs (see Kodryanu v City of New York, 274 AD2d 376, 377 [2000]; Miller v Morania Oil of Long Is., O.C.P., 194 AD2d 770, 771 [1993]; S.C. Freidfertig Bldrs. v Spano Plumbing & Heating, 173 AD2d 454, 456 [1991]; cf. Smullen v City of New York, 28 NY2d 66, 71-72 [1971]). As for the second and third elements, knowledge on the part of the Department that inaction could result in harm can be reasonably inferred from the circumstances (see Stata v Village of Waterford, 225 AD2d at 167; see also Page v City of Niagara Falls, 277 AD2d at 1047), and the Department’s employees undisputedly had direct contact with plaintiffs. With respect to the final element, plaintiffs allege that they relied upon the Department’s assurances that the fire was completely extinguished in choosing to leave their home unattended for the evening. Under these circumstances, a jury could find that *1487 plaintiffs’ reliance on the Department’s assurances was reasonable and that such assurances “lulled [them] into a false sense of security and . . . thereby induced [them] ... to forego other available avenues of protection” with regard to the property (Cuffy v City of New York, 69 NY2d at 261; see Coleson v City of New York, 24 NY3d at 483; De Long v County of Erie, 60 NY2d at 305). We therefore find sufficient evidence from which a trier of fact could find that a special relationship existed between plaintiffs and the Department (see Kodryanu v City of New York, 274 AD2d at 377; Miller v Morania Oil of Long Is., O.C.P., 194 AD2d at 771; S.C. Freidfertig Bldrs. v Spano Plumbing & Heating, 173 AD2d at 456).
Nor can we agree with Supreme Court’s conclusion that the complaint must be dismissed on the basis of governmental immunity. The common-law doctrine of governmental immunity “shield [s] public entities from liability for discretionary actions taken during the performance of governmental functions” (Valdez v City of New York, 18 NY3d at 76). “In order to prevail on a governmental function immunity defense, [however,] a municipality must do much more than merely allege that its employee was engaged in activities involving the exercise of discretion” (id. at 79). Even where the functions and duties of the municipal actor’s particular position entail the exercise of discretion and judgment, the governmental function immunity defense is only available when “ ‘the conduct giving rise to the claim is related to an exercise of that discretion’ ” (id., quoting Mon v City of New York, 78 NY2d 309, 313 [1991]; see Haddock v City of New York, 75 NY2d 478, 484 [1990]; Murchison v State of New York, 97 AD3d 1014, 1016 [2012]). That is, “[t]he defense precludes liability for a ‘mere error of judgment [,] but this immunity is not available unless the municipality establishes that the action taken actually resulted from discretionary decision-making—i.e., ‘the exercise of reasoned judgment which could typically produce different acceptable results’ ” (Valdez v City of New York, 18 NY3d at 79-80, quoting Tango v Tulevech, 61 NY2d 34, 41 [1983] [citation omitted]).
There can be little dispute that the governmental function of fighting fires involves the exercise of judgment and discretion based upon a divergence of factors varying from fire to fire and the urgencies of a particular situation (see generally Kenavan v City of New York, 70 NY2d 558, 569-570 [1987]; McGee v Adams Paper & Twine Co., 26 AD2d 186, 198 [1966], affd 20 NY2d 921 [1967]). However, focusing as we must on “the conduct on which liability is predicated” (Valdez v City of New York, 18 NY3d at 76), we cannot conclude upon the facts before us that such *1488 conduct involved the exercise of “reasoned judgment which could typically produce different acceptable results” (Tango v Tulevech, 61 NY2d at 41).
The negligence asserted by plaintiffs here is the Department’s failure to overhaul the area underneath the window well which, according to the Department’s own investigation, was the location at which the second fire originated. More specifically, plaintiffs alleged that, in violation of its own standard operating procedures and protocols, the Department failed to remove loose debris and damaged material—including a stack of firewood and the remains of certain lawn furniture—from the area of the window well following the first fire. Although defendants submitted the affidavit of the Department’s Battalion Chief detailing the methods used by responding crews to evaluate whether the initial fire had extended to other areas of the house, such affidavit is devoid of any indication that consideration was given to, or that judgment was exercised in connection with, the damaged material in the area of the window well. Most significantly, the report issued by the Department following its investigation into the rekindled fire notes that the remains of lawn furniture and a pile of firewood were found next to the window casement and that, upon questioning those involved in responding to the initial fire, “no one could remember pulling the burned lawn chair or the wood pile away from the building over the casement window well.” Thus, on this record, it cannot be said that the asserted negligence— failing to remove and fully extinguish a stack of firewood and damaged lawn furniture—was the consequence of an actual decision or choice on the part of the Department (see Haddock v City of New York, 75 NY2d at 485; Metz v State of New York, 86 AD3d 748, 751 [2011], revd on other grounds 20 NY3d 175 [2012]; compare Public Adm’r of Bronx County v City of New York, 271 AD2d 220, 221 [2000]). Instead, the proof adduced at this stage of the proceeding shows that the Department had not “made a judgment of any sort” (Haddock v City of New York, 75 NY2d at 485) in connection with the nonremoval of the debris and damaged material. Thus, defendants have not demonstrated their entitlement to governmental immunity.
Garry, Egan Jr., Rose and Mulvey, JJ., concur.
Ordered that the order is reversed, on the law, with costs, and motion denied.