Normanskill Cr., LLC v Town of Bethlehem (2018 NY Slip Op 02697)





Normanskill Cr., LLC v Town of Bethlehem


2018 NY Slip Op 02697


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

525322

[*1]NORMANSKILL CREEK, LLC, Doing Business as NORMANSIDE COUNTRY CLUB, et al., Respondents,
v
TOWN OF BETHLEHEM, Appellant.

Calendar Date: February 22, 2018

Before: Garry, P.J., McCarthy, Devine, Mulvey and Rumsey, JJ.


Terry Rice, Suffern, for appellant.
Couch White, LLP, Albany (Alita Giuda of counsel), for respondents.


McCarthy, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Ryba, J.), entered October 20, 2016 in Albany County, which denied defendant's motion to dismiss the complaint.
Plaintiff Normanskill Creek, LLC (hereinafter Normanskill) operates a golf course on property owned by plaintiff 165 Salisbury Road LLC and located in the Town of Bethlehem, Albany County. Normanskill began placing fill on a portion of the property that is located at the top of the bank of Normans Kill Creek. The filling occurred for several weeks even though no permit had been issued by defendant as required by Code of the Town of Bethlehem § 128-49. Following complaints from the public, defendant advised plaintiffs that a fill permit was
needed, but that they were not required to submit a full application. After submission of a truncated application, defendant issued plaintiffs a fill permit. A few weeks later, after additional fill had been placed on the bank, a landslide occurred at the property, causing approximately 120,000 cubic yards of soil and debris to slide into Normans Kill Creek and onto the property located on the opposite bank. Plaintiffs commenced this negligence action to recover their damages. Defendant moved to dismiss the complaint for failure to state a cause of action. Supreme Court denied defendant's motion, and defendant now appeals.
Supreme Court properly denied defendant's motion to dismiss the complaint. On a motion to dismiss for failure to state a cause of action, we must afford the complaint a liberal construction, accept the facts alleged therein as true, grant plaintiffs the benefit of every possible favorable inference and determine whether the facts as alleged fit within any cognizable legal [*2]theory (see Graven v Children's Home R.T.F., Inc., 152 AD3d 1152, 1153 [2017]). Defendant seeks dismissal based primarily on the doctrine of governmental immunity, but also based on plaintiffs' failure to allege a special duty. Where negligence is alleged against a governmental entity, the plaintiff must show that an agency of the government owed him or her a special duty beyond that owed to the public at large, and one means of doing so is to establish the existence of a special relationship between the injured party and the governmental entity (see Valdez v City of New York, 18 NY3d 69, 75 [2011]; McLean v City of New York, 12 NY3d 194, 199, 202-203 [2009]). The special duty rule simply requires a plaintiff to establish the tort element of duty of care, albeit in the context of an action against a governmental entity, whereas the doctrine of governmental immunity "afford[s] a full defense for discretionary acts, even when all elements of the negligence claim have been established" (Valdez v City of New York, 18 NY3d at 77-78). Stated another way, under the doctrine of governmental immunity and the principles applicable to ordinary negligence, "[g]overnment action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general" (McLean v City of New York, 12 NY3d at 203; accord DiMeo v Rotterdam Emergency Med. Servs., Inc., 110 AD3d 1423, 1424 [2013], lv denied 22 NY3d 864 [2014]).
Before addressing the defense of governmental immunity, we should determine whether the complaint alleges all of the elements of a negligence cause of action. Regardless of whether defendant's allegedly negligent acts were ministerial or discretionary, plaintiffs first had to "establish that the municipality owed a duty of care by demonstrating the existence of a special duty beyond the obligation owed the public at large" (Valdez v City of New York, 18 NY3d at 77). The complaint here alleges the existence of a special relationship between the parties that would prevent dismissal at this time.
A special relationship can be formed in any of three ways, only two of which are relevant here: when the municipality "'voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or . . . when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation'" (McLean v City of New York, 12 NY3d at 199, quoting Pelaez v Seide, 2 NY3d 186, 199-200 [2004]; see Applewhite v Accuhealth, Inc., 21 NY3d 420, 426 [2013]). To establish that a municipality created a special relationship by voluntarily assuming a duty, a plaintiff must show: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) the party's justifiable reliance on the municipality's affirmative undertaking" (Cuffy v City of New York, 69 NY2d 255, 260 [1987]; accord Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d 709, 714-715 [2017]; McLean v City of New York, 12 NY3d at 200; see Trimble v City of Albany, 144 AD3d 1484, 1486 [2016]).
Plaintiffs alleged that the Town Engineer directly stated to them that he can "override" the requirements of the Town Code "if [he] is confident that the fill will 'increase stability' of the slope" and that, on this basis, he did not require plaintiffs to submit all of the mandated components of a fill permit application. The complaint also alleged that defendant was aware of prior landslides along the same creek and that, after the incident on plaintiffs' property, the Town Engineer cited a recent study indicating that the local soil was prone to landslides but, regardless of this knowledge, he had suggested to third parties that they dispose of fill at the property. Plaintiffs further alleged that Normanskill "justifiably relied upon [defendant's] statements that placing fill on the bank would not cause damage[,] . . . the Town Engineer's statement that the placement of fill would increase stability of the slope . . . [and defendant's] affirmative [*3]undertaking of deeming its work safe" by issuing the permit. Assuming these allegations are true, they are sufficient to establish that defendant voluntarily assumed a duty to plaintiffs, thereby creating a special relationship (see Trimble v City of Albany, 144 AD3d at 1486-1487).
Alternatively, plaintiffs have alleged sufficient facts to show that a special relationship existed because defendant assumed positive direction and control in the face of a known, blatant and dangerous safety violation. Plaintiffs alleged that the filling activities at the property "created a blatant risk of catastrophic failure of the bank," that defendant "had been made aware of this blatant risk when it intervened at the [p]roperty" and that defendant demonstrated control over the property by directing plaintiffs to cease filling activities and obtain a fill permit and referring third parties to the property to dispose of fill. Accepting the complaint's allegations as true, plaintiffs established a special relationship because defendant knew that a blatant and dangerous safety violation existed on plaintiffs' property and, notwithstanding this knowledge, affirmatively indicated that the fill activities were safe, and plaintiffs justifiably relied on these representations when they continued to deposit fill on the premises (see McLean v City of New York, 12 NY3d at 199; Garrett v Holiday Inns, 58 NY2d 253, 262 [1983]; Goudreau v City of Rensselaer, 134 AD2d 709, 710-711 [1987]). Because the complaint sufficiently alleges that defendant owed plaintiffs a special duty, and duty is the only element challenged by defendant on this motion, the complaint adequately stated an ordinary negligence cause of action.
Supreme Court also properly denied defendant's motion because defendant's actions, as alleged in the complaint, do not qualify for governmental immunity. For alleged discretionary actions, "[t]he immunity afforded [to] a municipality presupposes an exercise of discretion in compliance with its own procedures" (Haddock v City of New York, 75 NY2d 478, 485 [1990]), and "this immunity is not available unless the municipality establishes that the action taken actually resulted from discretionary decision-making — i.e., 'the exercise of reasoned judgment which could typically produce different acceptable results'" (Valdez v City of New York, 18 NY3d at 79-80, quoting Tango v Tulevech, 61 NY2d 34, 41 [1983]; see Trimble v City of Albany, 144 AD3d at 1487). In their complaint, plaintiffs alleged that defendant "was aware of the inherently dangerous conditions and consequences of allowing" fill to be placed along the bank on their property. Plaintiffs alleged that defendant's Town Engineer, who was responsible for issuing fill permits, was aware that fill was being placed at their property without a permit, knew of the risk of landslides and, notwithstanding this awareness, suggested that third parties dispose of fill at the property. Plaintiffs also alleged that, after fill was deposited at the property for several weeks, and in response to complaints from the public, defendant finally took action and advised plaintiffs that a permit was necessary, but the Town Engineer advised them that, to obtain a fill permit, only an application form, fee and grading figures were required. According to the complaint, this "limited information" did not satisfy the application requirements of the Town Code, which required, among other things, details of drainage systems and an erosion and sedimentation control plan (see Code of Town of Bethlehem § 128-49 [F]).
Plaintiffs further alleged that the application requirements of the Town Code are necessary to comply with its mandate to protect against landslides, that the fill permit was issued "notwithstanding the fact that the Town Engineer could not have evaluated the risk of landslide at the [p]roperty given the missing application materials" and that this Town official "viewed the [p]ermit as a formality only." The complaint alleges that the Town Code requires that a full application be submitted for a fill permit, the Town Code mandates that the Town Engineer require that all application components be submitted and that, as regards plaintiffs, the Town Engineer did not require submission of a completed application. Considering these Town Code requirements, the Town Engineer did not have the authority to make a discretionary determination to either grant or deny a fill permit until he had received a completed application, [*4]which never occurred here because he told plaintiffs that they did not need to submit some of the components of the application that are required under the Town Code. Inasmuch as these facts, which we must accept as true, support a finding that defendant did not comply with its own procedures or exercise reasoned judgment when it approved plaintiffs' fill permit application, defendant has failed to conclusively prove that governmental immunity applies in relation to any of its allegedly discretionary actions (see Haddock v City of New York, 75 NY2d at 485; Tango v Tulevech, 61 NY2d at 41; Trimble v City of Albany, 144 AD3d at 1487-1488; Murchison v State of New York, 97 AD3d 1014, 1017 [2012]). Accordingly, Supreme Court properly denied defendant's motion to dismiss the complaint.
Garry, P.J., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.