Zurich Am. Ins. Co. v City of New York (2019 NY Slip Op 07640)





Zurich Am. Ins. Co. v City of New York


2019 NY Slip Op 07640


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-08288
 (Index No. 520940/16)

[*1]Zurich American Insurance Company, etc., et al., respondents, 
v
City of New York, appellant.


Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Fay Ng and Jeremy W. Shweder of counsel), for appellant.
White and Williams, LLP, New York, NY (Christopher Konzelmann of counsel), for respondent Zurich American Insurance Company.
LeClair Ryan, P.C., New York, NY (Michael J. Case and Laurin H. Mills, pro hac vice, of counsel), for respondents Recall Corporation, Recall Holdings Ltd., Recall Total Information Management, and Citipostal, Inc.



DECISION & ORDER
In a consolidated action, inter alia, to recover for damage to property, the defendant appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated June 2, 2017. The order denied the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action.
ORDERED that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
Insofar as relevant to this appeal, the following facts are alleged by the plaintiffs in this consolidated action: On January 31, 2015, at approximately 4:36 a.m., the New York City Fire Department (hereinafter the FDNY) responded to a fire alarm at a warehouse operated by the plaintiff Recall Corporation. When they arrived, FDNY personnel observed a fire on storage shelves approximately 50 feet into the building. Upon concluding that the fire was being controlled by the building's sprinkler system, FDNY personnel wet down the debris, then turned off the main water valve that controlled the flow of water to the entire sprinkler system, rendering it inoperable. After certifying to warehouse personnel that the building was safe to re-enter, FDNY personnel left the premises. Within minutes, a warehouse employee observed an orange glow toward the center of the warehouse, and a second fire alarm was activated at 6:32 a.m. However, because the sprinkler system had been disabled by FDNY personnel, the fire spread quickly and destroyed the entire building and its contents.
In January 2016, Zurich American Insurance Company (hereinafter Zurich), as subrogee of its insureds, Recall Corporation and the plaintiffs Recall Holdings Ltd., Recall Total Information Management, and Citipostal, Inc. (hereinafter collectively the Recall plaintiffs), [*2]commenced an action against the defendant, the City of New York, seeking to recover the amounts it paid to the Recall plaintiffs under the terms of a certain insurance policy covering the warehouse. The Recall plaintiffs commenced a separate action against the defendant to recover for damage to property. The two actions were subsequently consolidated.
The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint in the consolidated action on the ground that the plaintiffs had not pleaded the existence of a special relationship giving rise to a duty of care under the public duty rule (see Valdez v City of New York, 18 NY3d 69, 75). The Supreme Court denied the motion, and the defendant appeals.
As a threshold matter, the Recall plaintiffs' contention that the defendant is not entitled to assert governmental function immunity as an affirmative defense is not properly before us, because the defendant has not moved to dismiss the complaint on that ground. Thus, we express no view on this issue, and decide only the narrow question before us, namely, whether the plaintiffs have pleaded a viable cause of action against the defendant to recover damages for negligence.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87-88; Santaiti v Town of Ramapo, 162 AD3d 921, 924-925). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
A municipality may not be held liable for the negligent performance of a governmental function, such as police and fire protection, absent a duty born of a special relationship between the injured plaintiff and the defendant municipality (see Applewhite v Accuhealth, Inc., 21 NY3d 420, 426; Valdez v City of New York, 18 NY3d at 75; McLean v City of New York, 12 NY3d 194, 199). A special relationship may arise in three situations: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of person; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when it assumes positive direction and control in the face of a known, blatant, and dangerous safety violation (see McLean v City of New York, 12 NY3d at 199).
Here, the plaintiffs' allegations that FDNY personnel, upon arriving at the scene and assuming control over the ongoing fire, shut off the main water supply valve to the warehouse's sprinkler systems, then certified to warehouse employees that it was safe to reenter the building when in fact the fire was still at risk of rekindling—which it did within minutes after FDNY personnel left the premises—are sufficient to establish a special relationship (see Trimble v City of Albany, 144 AD3d 1484; S.C. Freidfertig Bldrs. v Spano Plumbing & Heating, Inc., 173 AD2d 454). Therefore, we agree with the Supreme Court's determination denying the defendant's motion to dismiss the complaint.
In light of our determination, we need not reach the plaintiffs' remaining contention.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court