■ C.D. PARRY CO., INC., Respondent, v ANNE NICHTER, Appellant. [664 NYS2d 127] —In an action to recover damages for goods sold and delivered and an account stated, the defendant appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated September 3, 1996 which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff supplied fuel oil and services to an apartment complex known as Pine Terrace Apartments that was owned by Peregrine Hall Associates, L.P. (not a party to this action). The plaintiff thereafter commenced this action against the defendant, as the managing agent of the complex, for goods sold and services rendered during 1992 and 1993. After issue was joined, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We now reverse.

In its complaint, the plaintiff sought judgment against the defendant on the ground that, as managing agent for Peregrine Hall Associates, L.P., she had agreed to answer for its debt to the plaintiff. However, it became apparent in connection with the defendant's motion for summary judgment that such an alleged agreement, which was concededly not memorialized in a writing, was voidable under the Statute of Frauds (see, General Obligations Law § 5-701 [a] [2]; Gary Powell, Inc. v Mendel/Borg Group, 237 AD2d 407; see also, Martin Roofing v Goldstein, 60 NY2d 262, cert denied 466 US 905). Thereafter, the president of the plaintiff, Richard Parry, submitted an affidavit wherein he asserted that "the Defendant personally agreed to pay the plaintiff for the fuel oil the Plaintiff delivered and the services which were provided to her". However, nowhere in Parry's carefully-worded affidavit, which is vague on all essential points and rife with ambiguities, does he set forth any evidentiary basis for such a conclusion. For example, he, inter alia, fails to set forth the sum and substance of any conversation or communication upon which such an obligation could be premised, or the relevant dates upon which any such conversation or communication occurred. In sum, Parry's conclusory affidavit was insufficient to raise a genuine issue of fact for trial (see, Prunty v Keltie's Bum Steer, 163 AD2d 595; Columbus Trust Co. v Campolo, 110 AD2d 616, affd 66 NY2d 701; Smith v Johnson Prods. Co., 95 AD2d 675). Miller, J. P., Ritter, Altman and Krausman, JJ., concur.