■ PUBLIC ADMINISTRATOR OF BRONX COUNTY, as Administrator of the Estate of MELISSA FIGUEROA, Deceased, Respondent, v CITY OF NEW YORK, Appellant. [706 NYS2d 40] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered March 24, 1998, which, insofar as appealed from, denied the City of New York's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

This action was commenced on behalf of the estate of Melissa Figueroa (Ms. Figueroa), who was shot to death on December 17, 1991 by her 24-year-old husband, off-duty Probationary New York City Police Officer Edwin Figueroa (Mr. Figueroa), in an apparent murder-suicide. The weapon used in the incident was the service revolver the Police Department had issued to Mr. Figueroa. The seventh cause of action of the verified complaint alleges that Ms. Figueroa's death resulted from the City's negligence "in its hiring, screening and training of its police officers, including Edwin Figueroa, and * * * in allowing Edwin Figueroa to remain a police officer and keep a firearm despite his known and apparent mental instability and dangerous tendencies." The bill of particulars elaborates on the City's alleged negligence in this regard. The complaint also sets forth causes of action for negligence, battery, wrongful death, intentional tort, violation of civil rights, and prima facie tort.

After the completion of discovery, the City moved for summary judgment dismissing the complaint, asserting that each of the acts for which plaintiff sought to hold the City liable was a discretionary governmental determination, which should be immunized in accordance with controlling case law, thereby insulating defendant from liability, and that the shooting of Ms. Figueroa was not undertaken in the scope of Mr. Figueroa's employment nor in furtherance of police business.

It is well established that a governmental entity enjoys immunity from suit for official actions " 'involv[ing] the exercise of discretion or expert judgment in policy matters' " (*Mon v City of New York*, 78 NY2d 309, 313, quoting *Haddock v City of New York*, 75 NY2d 478, 484), even if its exercise of such discretion was "negligent" or constituted a "misjudgment" or a "mistake[ ]" (*Mon v City of New York, supra,* at 314, 315, 316),

so long as the governmental entity actually exercised such discretion by considering all relevant information in making its judgment and by complying with its own established regulations and procedures (*Mon v City of New York, supra; see also, McCormack v City of New York*, 80 NY2d 808, 811).

The record reveals that the City's Police Department exercised its governmental discretion in screening, hiring, training, and retaining Mr. Figueroa, and in considering how to deal with the psychological problems he presented on December 17, 1991, including whether to allow him to keep his firearm. The admissible evidence in the record establishes that the City considered all relevant information that was available to it, and it does not appear that it violated any of its own established regulations or procedures. Further, its determinations had a rational basis, although, in retrospect, the wisdom of allowing Mr. Figueroa to keep his firearm on December 17, 1991 (or, indeed, of hiring him as a police officer in the first place) might reasonably be questioned. Accordingly, the City is entitled to immunity for such acts, and summary judgment dismissing plaintiff's seventh cause of action should, therefore, have been granted.

Contrary to the IAS Court's decision, the affidavit of decedent's aunt, Maria Vallejo, which alleges that Ms. Figueroa made a telephone call to an unidentified police officer at the 19th Precinct complaining of alleged threats by her husband, fails to create an issue of fact. There is no record of the phone call at the precinct. She does not claim that she was on an extension with Ms. Figueroa and thereby in a position to, herself, overhear the alleged conversation. Moreover, the account in Ms. Vallejo's affidavit is devoid of any substantiating details and is unsupported by independent admissible evidence that would indicate that plaintiff may yet be able to obtain some other evidence of the phone call for presentation at trial (*cf., Phillips v Kantor & Co.*, 31 NY2d 307, 312). Concur—Rosenberger, J. P., Ellerin, Wallach, Lerner and Andrias, JJ.