■ BETTY REGINA et al., Appellants, v MARCIA FRIEDMAN, Respondent, et al., Defendant. [707 NYS2d 674] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated July 7, 1999, as granted the cross motion of the defendant Marcia Friedman, as executor of the estate of Ethel Goldstein, for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Betty Regina (hereinafter the injured plaintiff) alleged that on January 8, 1996, she slipped and fell in a parking lot owned by the decedent Ethel Goldstein. At her examination before trial, the injured plaintiff testified that she did not see what caused her to fall. She testified that she noticed

snow in the area where she had fallen after she got up and that there was ice in the area where she fell. She did not notice any depressions in the ground in the area where she fell. In her affidavit in opposition to the respondent's cross motion for summary judgment dismissing the complaint insofar as asserted against her, the injured plaintiff averred that she "fell on a patch of ice contained within a pothole".

The plaintiffs argue that they raised an issue of fact as to the cause of the injured plaintiff's fall. However, the self-serving affidavit submitted by the injured plaintiff presented a feigned factual issue designed to avoid the consequences of her earlier admission that she did not notice any depressions or potholes in the area where she fell (see, Buziashvili v Ryan, 264 AD2d 797; Prunty v Keltie's Bum Steer, 163 AD2d 595, 596).

The plaintiffs' remaining contention, that the injured plaintiff could not have slipped on falling snow because she fell in an area which was protected by an overhang, is dehors the record. Appellate review is limited to the record made on the motion and, absent matters that may be judicially noticed, new facts may not be injected at the appellate level (see, Broida v Bancroft, 103 AD2d 88). Thus, the injured plaintiff's conclusion that she could not have slipped on snow because of the overhang is not supported by any evidentiary basis (see, Parry Co. v Nichter, 244 AD2d 444, 445).

Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against the respondent. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.