■ PHILICIA S. THOMAS, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [775 NYS2d 151]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered April 14, 2003, which, in an action for wrongful death, granted the motion of defendants-respondents Police Department and City of New York for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff alleges that defendant Police Department should have known that the police officer who shot and killed her decedent was psychologically disturbed and unfit to carry firearms. It appears that some 4½ years before this killing, the officer was placed on restricted duty, after another woman reported that he had committed acts of violence against her. The officer was then deprived of firearms and compelled to undergo psychological evaluation and therapy for more than a year, until the appropriate mental health professionals associated with the Department determined that he was psychologically fit for full duty with firearms. Documentary evidence establishes that there is no merit to plaintiff's contention that in deciding that the officer was fit, the Department's mental health professionals overlooked, or were never made aware of, the violent nature of the incident that caused the Department to put the officer on restricted duty. Nor does it avail plaintiff to argue that the Department failed to follow its own established procedures in not reporting that incident to its Internal Affairs Division. The stated purpose of Patrol Guide § 108-21, invoked by plaintiff, is the processing of allegations against police officers of criminal activity and serious misconduct not within the jurisdiction of the Civilian Complaint Review Board. There is no mention or even suggestion of any actions to be taken in decid-

ing whether to restore an officer's firearms after a period of restricted duty and psychological evaluation and treatment (*compare Lubecki v City of New York*, 304 AD2d 224, 234-235 [2003], *lv denied* 2 NY3d 701 [2004]). Thus, even if the Department were required to report the incident to its Internal Affairs Division, we would find that its failure to perform that ministerial act did not alter the essentially discretionary nature of its decision to return the officer to full duty with firearms, and therefore does not foreclose defendants from claiming governmental immunity (*see Mon v City of New York*, 78 NY2d 309, 313 [1991]; *Public Adm'r of Bronx County v City of New York*, 271 AD2d 220, 221 [2000]). We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Ellerin, Lerner and Marlow, JJ.