■ SIENNA CAPITAL GROUP, INC., Respondent, v JONATHAN M. ROSEN, Appellant. [843 NYS2d 188]—

In an action to recover damages for breach of fiduciary duty, fraud, and breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), entered October 5, 2006, which denied, with leave to renew after the completion of discovery, his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant, Jonathan M. Rosen (hereinafter Rosen), was an attorney for D & A Consultants Holding Corp. (hereinafter D & A), to which the plaintiff, Sienna Capital Group, Inc. (hereinafter Sienna), loaned the sum of $260,000. At the request of D & A, the sum of $260,000 was wired from Sienna's bank into an account maintained by Rosen. The present action is based on allegations that Rosen violated an oral promise on his part not to

release the $260,000 in funds from his account "until such time as [certain] prefabricated houses were on site and on their foundations and [a certain] security had been delivered to Sienna." Rosen's position is that he was "merely the clearing house of the funds received," and that "[a]t no time were there any limiting instructions or restrictions placed on the transfer of funds from [his] account."

In its responses to interrogatory number 6 (a) and interrogatory number 20 (a), Sienna identified Saverio Galasso, Sr., and Robert Cassandro as individuals who, on its behalf, might have conversed with Rosen relative to the alleged escrow agreement or relative to Rosen's alleged promise to retain the $260,000 in his escrow account until the occurrence of the conditions described above. In its response to interrogatory number 20 (e), Sienna, parroting the language of the complaint, asserted that the "sum and substance" of one such conversation was that Rosen would hold the $260,000 in escrow "until such time as [certain] prefabricated houses were on site and on their foundations, and [a certain] security had been delivered to Sienna."

In support of his motion for summary judgment, Rosen submitted evidentiary proof in admissible form tending to show that no escrow agreement, oral or otherwise, ever came into existence between himself and Sienna. In his affidavit, Rosen stated that he never agreed to act as an "escrow agent on this transaction" and that "no 'oral escrow agreement' existed between the parties." He also asserted that "[t]here were no conditions, limiting instructions or restrictions placed on the transfer of funds to [his] account." In essence, Rosen submitted proof tending to rebut the allegations made in the complaint and repeated in Sienna's response to interrogatory number 20 (e).

In opposition to Rosen's motion, Sienna submitted the affidavit of Saverio Galasso, Jr., who, without making any concrete reference either to any actual conversation that he might have had with Rosen, or to any conversation between Rosen and some third person that he might have overheard, stated only that "[i]t was agreed that [Rosen] would hold the $260,000 in escrow" until the conditions noted above had been met. In his affidavit, Galasso, Jr., then went on to assert, "[u]pon information and belief," that portions of the escrow funds had been released prior to satisfaction of the conditions.

According to Sienna's responses to the interrogatories, it was Robert Cassandro or Saverio Galasso, Sr., who, on Sienna's behalf, supposedly elicited an oral promise from Rosen relating to the circumstances under which the proceeds of the $260,000

could in fact be released to D & A, the borrower. Rosen submitted competent proof tending to show that he made no such oral promise. The affidavit of Galasso, Jr., included no assertion to the effect that he personally participated in or at least overheard the critical conversation during which Rosen's oral promise allegedly was made. Indeed, the affidavit of Galasso, Jr., in large part, merely repeated the unsubstantiated allegations of the complaint, and it is "conclusory and bereft of factual background" (*Howard Sav. Bank v Lefcon Partnership,* 209 AD2d 473, 477 [1994]). Thus, it was insufficient to demonstrate the existence of a genuine issue of fact (*see Public Adm'r of Bronx County v City of New York,* 271 AD2d 220 [2000]; *C.D. Parry Co. v Nichter,* 244 AD2d 444 [1997]).

Thus, we find that Rosen demonstrated as a matter of law that no conditions, oral or written, were attached to his right to release the loan proceeds of $260,000 to his client, D & A. In opposition, the plaintiff failed to raise a triable issue of fact, and thus, the defendant's motion for summary judgment dismissing the complaint should have been granted. Moreover, under the circumstances of this case, we reject Sienna's contention that denial of Rosen's motion was warranted merely because discovery was not complete at the time the motion was made (*see* CPLR 3212 [f]).

The parties' remaining contentions are without merit or have been rendered academic. Schmidt, J.P., Santucci, Florio and Dillon, JJ., concur.