(July 19, 1993)

■ ROBERT BOYLE, Respondent, v GARY TUTHILL, Defendant, and TOWN OF SOUTHOLD, Appellant. [600 NYS2d 470] —In an action to recover damages for personal injuries, the defendant Town of Southold appeals from so much of (1) an order of the Supreme Court, Suffolk County (Copertino, J.), dated April 30, 1991, as denied those branches of its motion which were for summary judgment dismissing the second, third, fourth, and seventh causes of action asserted against the Town of Southold, and (2) an order of the Supreme Court, Suffolk County (Werner, J.), dated March 5, 1992, which denied its motion, in effect, for reargument.

Ordered that the order dated April 30, 1991, is reversed insofar as appealed from, on the law, without costs or disbursements, those branches of the motion of the defendant Town of Southold which were for summary judgment dismissing the second, third, fourth, and seventh causes of action asserted against it in the plaintiff's complaint are granted, and the action against the remaining defendant is severed; and it is further,

Ordered that the appeal from the order dated March 5, 1992, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument.

This is an action brought by the plaintiff, Robert Boyle, to recover damages from the defendants, Gary Tuthill and the Town of Southold, for personal injuries sustained as a result of a boating accident on Mattituck Creek in the Town of Southold. The accident occurred when a powerboat being operated by Gary Tuthill ran over a dinghy in which the plaintiff and his two sons were returning to their sailboat after watching a fireworks display. As a result of the accident, the two boys were killed and the plaintiff's leg was amputated.

The plaintiff essentially alleged that the Town of Southold was negligent in failing to supervise and control the boat traffic and in failing to provide adequate lighting on the night of July 4, 1985.

Upon a prior appeal, this Court sustained the dismissal of the sixth cause of action against the Town of Southold, which asserted the existence of a purported special relationship between the plaintiff and the Town (see, Boyle v Tuthill, 146 AD2d 593). Thereafter, upon the Town's motion for summary judgment, the fifth cause of action was dismissed against it, but the motion was denied with respect to the remaining

causes of action against it. On appeal, the Town of Southold argues that the Supreme Court erred in denying its motion for summary judgment to dismiss the remaining causes of action in the complaint against it. We agree.

It is well settled that a municipality cannot be held liable for negligence in the performance of a governmental function unless a special relationship exists between the municipality and the injured party *(see, Napolitano v County of Suffolk,* 61 NY2d 863; *De Long v County of Erie,* 60 NY2d 296; *Garrett v Holiday Inns,* 58 NY2d 253; *Helman v County of Warren,* 111 AD2d 560, *affd* 67 NY2d 799). Here, the plaintiff has failed to set forth any facts to support the existence of such a special relationship. Nor has the plaintiff set forth sufficient facts to establish that the area encompassing the accident site was a recreational facility such as to render the Town of Southold liable in its capacity as a landowner *(see, Ferres v City of New Rochelle,* 68 NY2d 446; *Caldwell v Village of Is. Park,* 304 NY 268). Sullivan, J. P., Lawrence, Eiber and Ritter, JJ., concur.