■ LINDA KILFOIL et al., Appellants, v TOWN OF SOUTHOLD, Respondent. [622 NYS2d 74] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Werner, J.), dated May 20, 1993, which granted the defendant's motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

At the outset, we note that although the Supreme Court treated the defendant's motion as one to dismiss the complaint for failure to state a cause of action, the plaintiffs responded to the motion as one for summary judgment and submitted evidence to support their allegations in the complaint. We therefore treat the motion as one for summary judgment (see, Mihlovan v Grozavu, 72 NY2d 506; Zack Metal Co. v International Nav. Corp., 67 NY2d 892, 895).

This action was commenced to recover damages from the

defendant Town of Southold for personal injuries sustained as a result of a boating accident on Hashamomuck Pond in the Town of Southold. The accident occurred when a power boat collided with the boat on which the plaintiff Peter Kilfoil, Sr., and his two sons Douglas and Peter, Jr., were passengers. The plaintiffs essentially alleged that the Town of Southold was negligent in failing to supervise and control the boat traffic and in failing to post appropriate warning signs and speed limits.

It is well settled that a municipality cannot be held liable for negligence in the performance of a governmental function unless a special relationship exists between the municipality and the injured party (see, Napolitano v County of Suffolk, 61 NY2d 863; Miller v State of New York, 62 NY2d 506, 510; De Long v County of Erie, 60 NY2d 296). Here, the plaintiffs have failed to set forth any facts to support the existence of such a special relationship (see, Boyle v Tuthill, 195 AD2d 532). Nor have the plaintiffs set forth sufficient facts to establish that the area encompassing the accident site was a Town park or recreational facility such as to render the Town of Southold liable in its capacity as a landowner (see, Ferres v City of New Rochelle, 68 NY2d 446; Caldwell v Village of Is. Park, 304 NY 268). Moreover, the plaintiffs failed to specify any provision of general maritime law which would impose tort liability under the facts of the instant case (see, Kahn v Gates Constr. Corp., 103 AD2d 438, 443-444; Matter of M/T Alva Cape, 405 F2d 962, 969-971). Accordingly, the Supreme Court properly dismissed the complaint. Miller, J. P., Joy, Krausman and Goldstein, JJ., concur.