■ STEVEN IANNUCCI et al., Respondents, v JOSEPH VISCARDI, Doing Business as ABSOLUTE CONSTRUCTION, Defendant, and TOWN OF SMITHTOWN, Appellant. [672 NYS2d 816] —In an action, *inter alia*, to recover damages for fraud, the defendant Town of Smithtown appeals from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated January 9, 1997, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint is dismissed insofar as asserted against the Town of Smithtown, and the action against the remaining defendant is severed.

As a general rule, a municipality may not be held liable for injuries resulting from negligence in the performance of a governmental function absent a special relationship (*see, Garrett v Holiday Inns*, 58 NY2d 253, 261; *Kilfoil v Town of Southold*, 211 AD2d 700, 701). "The elements of a special relationship are: (1) the assumption by the governmental entity of an affirmative duty to act on behalf of the injured party, (2) knowledge that inaction would lead to harm, (3) direct contact between the governmental entity and the injured party, (4) justifiable reliance by the injured party on the affirmative undertaking" (*Tammaro v County of Suffolk*, 224 AD2d 406, citing *Freidfertig Bldrs. v Spano Plumbing & Heating*, 173 AD2d 454, 455-456; *see also, Cuffy v City of New York*, 69 NY2d 255). Further, in order to sustain an action for fraud, the plaintiffs must prove (1) that the defendant made a representation, (2) as to a material fact, (3) which was false, (4) and known to be false by the defendant, (5) that the representation was made for the purpose of inducing the other party to rely upon it, (6) that the other party rightfully did so rely, (7) in ignorance of its falsity, (8) to his injury (*see, Brown v Lockwood*, 76 AD2d 721, 730).

In this case, the plaintiffs' deposition testimony established

that they did not rely on any representations made by the Town. Accordingly, the Town's cross motion for summary judgment should have been granted. Joy, J. P., Krausman, Florio and McGinity, JJ., concur.