■ C.P.J. INC., Doing Business as HIGH SEAS RESTAURANT, Respondent, v 234 HIGH SEAS RESTAURANT CORP., Defendant, and CD&G REALTY Co. et al., Appellants. [688 NYS2d 256] —In an action, *inter alia*, to recover damages for fraud, the defendants CD&G Realty Co., Constantinos Krimitsos, Dimitrios Krimitsos, and George Krimitsos appeal from an order of the Supreme Court, Suffolk County (Jones, J.), entered March 3, 1998, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

In January 1996 the plaintiff entered into a contract to purchase a restaurant in Huntington, New York. Under the terms of the contract, the seller was to assign its rights to a long-term lease of the restaurant to the plaintiff. The seller also agreed to procure an estoppel letter from the appellants, who own the premises, confirming that the lease was in full force and effect, and that there were no defaults under the lease. The appellants provided the required estoppel letter, and the plaintiff purchased the restaurant. After the closing, the plaintiff learned that the Town of Huntington had received several complaints that the restaurant was not accessible to disabled individuals as required by the Americans with Disabilities Act (42 USC § 12181). The plaintiff then commenced this action, alleging, *inter alia*, that the appellants had fraudulently misrepresented that the seller was not in default under the lease, as the lease required the tenant to comply with the requirements of all governmental entities. The appellants subsequently moved for summary judgment, and the Supreme Court denied their motion. We reverse.

To recover damages for fraud, a plaintiff must show: (1) that the defendant made a representation; (2) concerning a material fact; (3) which was false; (4) and known by the defendant to be false; (5) that the representation was made for the purpose of inducing the plaintiff to rely upon it; (6) that the plaintiff did so rely; (7) in ignorance of its falsity; (8) to his or her injury (*see, Brown v Lockwood,* 76 AD2d 721, 730; *see also, Iannucci v Viscardi,* 251 AD2d 379). Here, shortly before the sale of the restaurant, the Town of Huntington advised the appellants of several complaints that the restaurant was inaccessible to the disabled, and suggested that the appellants meet with a Town representative to discuss how the restaurant could comply with the Americans with Disabilities Act. Although the Town urged the appellants to voluntarily take action to make the restaurant accessible to the disabled, it is undisputed that the Town has no jurisdiction to enforce the Americans with Disabilities Act. Under these circumstances, the appellants' representation that the seller was not in default of the lease cannot be considered a fraudulent misrepresentation. O'Brien, J. P., Thompson, Krausman and Luciano, JJ., concur.