■ ROBERT RESNIK, Respondent-Appellant, v NORRELL CORPORATION et al., Appellants-Respondents. [702 NYS2d 908] —In an action, *inter alia,* to recover damages for fraud, the defendants appeal from (1) so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered December 3, 1998, as denied those branches of their motion which were for summary judgment dismissing the first, third, fourth, sixth, seventh, tenth, and eleventh causes of action and (2) an order of the same court, entered June 3, 1999, as, upon reargument, adhered to its prior determination denying the defendant's separate motion to strike the jury demand, and the plaintiff cross-appeals from so much of the order entered December 3, 1998, as granted those branches of the defendants' motion which were for summary judgment dismissing the ninth and twelfth causes of action.

Ordered that the order entered December 3, 1998, is reversed insofar as appealed from, and those branches of the defendant's motion which were for summary judgment dismissing the first, third, fourth, sixth, seventh, tenth, and eleventh causes of action are granted, and the complaint is dismissed in its entirety; and it is further,

Ordered that the order entered December 3, 1998, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the appeal from the order entered June 3, 1999, is dismissed as academic; and it is further,

Ordered that the defendants are awarded one bill of costs.

The defendants demonstrated, by admissible evidence, their entitlement to summary judgment as a matter of law, thus shifting the burden to the plaintiff to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). The defendants' proof made out a prima facie case that their actions were not fraudulent and that the subject contracts were legitimate. The plaintiffs' conclusory allegations and hypotheses alleging fraud

in response thereto, were insufficient to raise a triable factual issue (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320, *supra*). Thus, the defendants were entitled to summary judgment dismissing the complaint in its entirety. Bracken, J. P., Santucci, Thompson and S. Miller, JJ., concur.