■ Otto Roth & Company, Inc., Respondent, v Gourmet Pasta, Inc., et al., Appellants. (Action No. 1.) Gourmet Pasta, Inc., Respondent-Appellant, v Otto Roth & Company, Inc., Appellant-Respondent. (Action No. 2.) [715 NYS2d 78] —In two related actions, *inter alia,* to recover on certain promissory notes (Action No. 1) and to recover damages based on fraudulent representation and breach of contract (Action No. 2), Otto Roth & Company, Inc., appeals (1) from a judgment of the Supreme Court, Nassau County (Martin, J.), dated August 12, 1999, entered in Action No. 2, which, upon a jury verdict, is in favor of Gourmet Pasta, Inc., and against it in the principal

sum of $300,000 on the cause of action to recover damages based on fraudulent representation, and (2), as limited by its brief, from so much of an order of the same court, dated August 25, 1999, as denied that branch of its motion pursuant to CPLR 4404 which was to set aside the verdict in Action No. 2 on the ground that the verdict in favor of Gourmet Pasta, Inc., on its cause of action based on fraudulent representation was not supported by legally sufficient evidence, and Gourmet Pasta, Inc., cross-appeals, as limited by its brief, from so much of the judgment entered in Action No. 2 as, upon a jury verdict finding that its breach of the subject contract discharged the obligations of Otto Roth & Company, Inc., failed to award it damages on its cause of action based on breach of contract. Gourmet Pasta, Inc., Samuel Benjamin, and Bryn Benjamin separately appeal from a judgment of the same court, dated October 12, 1999, entered in Action No. 1, which is in favor of Otto Roth & Company, Inc., and against them in the principal sum of $95,000 on the cause of action of Otto Roth & Company, Inc., to recover on certain promissory notes.

Ordered that the order dated August 25, 1999, entered in Action No. 2, is reversed insofar as appealed from, on the law, the judgment dated August 12, 1999, is vacated, the motion pursuant to CPLR 4404 by Otto Roth & Company, Inc., to set aside the verdict in Action No. 2 is granted, and the complaint is dismissed; and it is further,

Ordered that the cross appeal from the judgment dated August 12, 1999, is dismissed as academic in light of our determination of the appeal in Action No. 2; and it is further,

Ordered that the judgment dated October 12, 1999, entered in Action No. 1 is affirmed; and it is further,

Ordered that Otto Roth & Company, Inc., is awarded one bill of costs.

These actions arise out of a November 1986 contract whereby Otto Roth & Company, Inc. (hereafter Otto Roth), a pasta distributor, agreed to hire Gourmet Pasta, Inc. (hereafter Gourmet Pasta), a pasta manufacturer, owned by Samuel Benjamin and his son, Bryn Benjamin, to be its exclusive supplier of pasta.

Otto Roth contends that the Supreme Court erroneously denied that branch of its motion which was to set aside the verdict in Action No. 2 as to Gourmet Pasta's cause of action based on fraudulent representation on the ground that the verdict was not supported by legally sufficient evidence.

To succeed on its cause of action based on fraudulent representation, Gourmet Pasta had to prove, by clear and convinc-

ing evidence (1) that Otto Roth made a representation, (2) as to a material fact, (3) which was false, (4) and known to be false by Otto Roth, (5) that the representation was made for the purpose of inducing Gourmet Pasta to rely upon it, (6) that Gourmet Pasta rightfully did so rely, (7) in ignorance of its falsity, (8) to its injury (*see, Iannucci v Viscardi,* 251 AD2d 379; *Brown v Lockwood,* 76 AD2d 721, 730). On the basis of the evidence presented at trial, there is no valid line of reasoning or any permissible inferences which could possibly lead rational people to the conclusion reached by the jury, i.e., that Otto Roth fraudulently induced Gourmet Pasta into entering the subject contract (*see, Mirand v City of New York,* 84 NY2d 44, 48-49).

Contrary to the contention of Gourmet Pasta, the trial court did not violate the doctrine of law of the case in granting that branch of the motion of Otto Roth made at the close of evidence which was for judgment as a matter of law on its cause of action in Action No. 1 to recover on certain promissory notes. Given the clear and unambiguous language of the unconditional guarantees executed by the Benjamins on the subject promissory notes, the Supreme Court properly granted judgment, as a matter of law, in favor of Otto Roth (*see, Marcus Dairy v Jacene Realty Corp.,* 225 AD2d 528).

Gourmet Pasta's remaining contentions are unpreserved for appellate review and, in any event, without merit. Goldstein, J. P., McGinity, Luciano and Feuerstein, JJ., concur.