■ Franklin Maisano, Respondent, v Stuart I. Beckoff et al., Defendants, and Norman Beckoff, Appellant. [767 NYS2d 790]—

In an action, inter alia, to recover damages for fraud, the defendant Norman Beckoff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Cozzens, J.), entered October 23, 2002, as, upon denying that branch of his motion pursuant to CPLR 4401 which was for judgment as a matter of law on the cause of action to recover damages for fraud insofar as asserted against him made at the close of the plaintiff's case, upon a jury verdict in favor of the plaintiff and against him, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law dismissing the cause of action to recover damages for fraud insofar as asserted against him or for

a new trial on that cause of action, is in favor of the plaintiff and against him in the principal sum of $704,999.

Ordered that the judgment is modified, on the law, by reducing the award to the plaintiff from the principal sum of $704,999 to the principal sum of $427,000; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

To succeed on his cause of action to recover damages for fraud, the plaintiff was required to prove by clear and convincing evidence that the appellant made a representation, concerning a material fact, which was false, and known to be false by the appellant, that the appellant made the representation for the purpose of inducing the plaintiff to rely upon it, that the plaintiff rightfully did so rely, in ignorance of its falsity, and to his injury (*see Roth & Co. v Gourmet Pasta,* 277 AD2d 293, 294-295 [2000]; *C.P.J. Inc. v 234 High Seas Rest. Corp.,* 260 AD2d 524, 525 [1999]; *see also Vermeer Owners v Guterman,* 78 NY2d 1114, 1116 [1991]). Contrary to the appellant's contentions, the trial court properly denied that branch of his motion pursuant to CPLR 4401 which was for judgment as a matter of law on the cause of action to recover damages for fraud insofar as asserted against him made at the close of the plaintiff's case, and his subsequent motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law dismissing the cause of action to recover damages for fraud insofar as asserted against him. Giving the plaintiff every favorable inference which could properly be drawn from the facts presented at trial (*see Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]; *Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]), a rational basis existed for the jury's conclusion that the appellant fraudulently induced the plaintiff to invest his money with the appellant's brother, the defendant Stuart Beckoff. Moreover, the verdict was not against the weight of the evidence (*see Cohen v Hallmark Cards, supra*).

We modify the judgment, however, to reduce the amount of damages awarded to the plaintiff. It is well settled that "[t]he proper measure of damages in a fraud action is the actual pecuniary loss sustained as a direct result of the wrong" (*Ford v Martino,* 281 AD2d 587, 589 [2001]; *see Lama Holding Co. v Smith Barney,* 88 NY2d 413, 421 [1996]). "Damages are to be calculated to compensate plaintiffs for what they lost because of the fraud, not to compensate them for what they might have gained" (*Lama Holding Co. v Smith Barney, supra* at 421). Here, it is clear from the evidence adduced at trial that the jury awarded the plaintiff lost profits on his investments with the

defendants. The plaintiff's own testimony established that his actual out-of-pocket loss as a result of the fraud was $427,000, or the difference between the amount which he invested and the amount which he received back. Thus, we modify the judgment accordingly.

The appellant's remaining contentions are without merit. S. Miller, J.P., Friedmann, Townes and Mastro, JJ., concur.