■ GLEN S. UDELL, Appellant, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Respondents, et al., Defendants. [807 NYS2d 575]—In an action, inter alia, to reinstate two disability income insurance policies and to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Martin, J.), entered June 21, 2004, as granted the motion of the defendants Equitable Life Assurance Society of the United States and Disability Management Services, Inc., for

summary judgment dismissing the complaint insofar as asserted against them and granted that branch of the separate motion of the defendant Ronald Roth which was for summary judgment dismissing the complaint insofar as asserted against him, and (2) an order of the same court dated September 9, 2004.

Ordered that the appeal from the order dated September 9, 2004, is dismissed as abandoned (see 22 NYCRR 670.8 [e] [1]); and it is further,

Ordered that the order entered June 21, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The defendants Equitable Life Assurance Society of the United States and Disability Management Services, Inc. (hereinafter collectively referred to as the Equitable defendants), and Ronald Roth established their prima facie entitlement to summary judgment. The burden then shifted to the plaintiff to produce evidentiary proof in admissible form sufficient to raise a triable issue of fact (see CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). However, the plaintiff presented conclusory and unsubstantiated allegations, which were insufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., supra at 325; Zuckerman v City of New York, supra at 562). Therefore, the Supreme Court properly granted the motion of the Equitable defendants and that branch of Ronald Roth's separate motion which was for summary judgment dismissing the complaint as to them.

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Krausman, Luciano and Covello, JJ., concur.