■ Carol Watson, Appellant, v LENNOX PASCAL et al., Respondents. [811 NYS2d 422]—

In an action, inter alia, to recover damages for fraud and conversion, and for partition of real property and to impose a constructive trust, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered August 24, 2004, as granted those branches of the motion of the defendant Lennox Pascal which were for summary judgment dismissing the first and second causes of action insofar as asserted against him and the third and fifth causes of action, and granted the separate motion of the defendant Charmaine Miles for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Lennox Pascal which was for summary judgment dismissing the fifth cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly granted those branches of the motion of the defendant Lennox Pascal which were for summary judgment dismissing, insofar as asserted against him, the first and second causes of action, which sought to recover damages for fraud. The Supreme Court also properly granted the separate motion of the defendant Charmaine Miles for summary judgment dismissing the complaint insofar as asserted against her. To sustain a cause of action sounding in fraud, the plaintiff must show (1) that the defendant made material representations that were false, (2) that the defendant knew the representations were false and made them with the intent to deceive the plaintiff, (3) that the plaintiff justifiably relied on the defendant's representations, and (4) that the plaintiff was injured as a result of the defendant's representations (*see Cerabono v Price*, 7 AD3d 479, 480 [2004]; *Giurdanella v Giurdanella*, 226 AD2d 342, 343 [1996]). Both defendants established their entitlement to judgment as a matter of law in this regard

by submitting deposition testimony and affidavits that no misrepresentations were made to the plaintiff and that their actions were not fraudulent. In opposition, the plaintiff made only conclusory allegations that she was somehow tricked into executing the deed. Those allegations were insufficient to raise a triable issue of fact (*see Whitehead v Town House Equities, Ltd.*, 8 AD3d 367, 368 [2004]; *Resnik v Norrell Corp.*, 269 AD2d 438 [2000]; *Bosio v Selig*, 165 AD2d 822 [1990]).

Further, the Supreme Court properly granted that branch of Pascal's motion which was for summary judgment dismissing the third cause of action, which sought the partition of certain real property, inasmuch as the plaintiff was not "[a] person holding and in possession of real property as joint tenant or tenant in common" (RPAPL 901 [1]).

However, the Supreme Court erred in granting that branch of Pascal's motion which was for summary judgment dismissing the fifth cause of action, which sought to recover damages for conversion. There are triable issues of fact as to whether the plaintiff has a possessory right to the personal property at issue and whether Pascal exercised unauthorized dominion over the subject property to the exclusion of the plaintiff's rights (*see Bugarsky v Marcantonio*, 254 AD2d 384 [1998]).

The plaintiff's remaining contentions are without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.