FRANK VALENTIN, Appellant, v MICHAEL CHONG, Respondent. [829 NYS2d 587]—

In an action, inter alia, in effect, for the return of a down payment, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered September 12, 2005, as denied his motion to dismiss the defendant's counterclaims pursuant to CPLR 3211 (a) (7), and for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiff's motion which were to dismiss the defendant's first, second, third, sixth, seventh, and eighth counterclaims pursuant to CPLR 3211 (a) (7) and for summary judgment on the complaint, and substituting therefor provisions granting those branches of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment on the complaint. The plaintiff submitted a contract for the purchase of the subject cooperative apartment by him and his son, which specifically stated that the purchase was contingent on the approval by the cooperative housing corporation (hereinafter the corporation). The plaintiff further submitted an affidavit in which he stated that he attended all personal interviews with the corporation, and provided all documents that the corporation requested. The plaintiff further submitted the corporation's rejection of his application to purchase. In opposition to the plaintiff's prima facie demonstration of his entitlement to judgment as a matter of law, the defendant's conclusory assertion that the plaintiff altered and forged his application to the

corporation was unsupported by any evidence, and therefore was insufficient to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Therefore, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the complaint, and further should have dismissed the defendant's first counterclaim alleging breach of contract.

The Supreme Court also erred in denying that branch of the plaintiff's motion which was to dismiss the second, third, sixth, seventh, and eighth counterclaims pursuant to CPLR 3211 (a) (7). A "cause of action to recover damages for fraud will not arise when the only fraud alleged relates to a breach of contract" (*Rosen v Watermill Dev. Corp.,* 1 AD3d 424, 426 [2003] [citations omitted]). In this case, the defendant bases his second, third, sixth, seventh, and eighth counterclaims seeking damages for fraud on the same allegations as those in his first counterclaim alleging breach of contract. These allegations were premised mainly on the plaintiff's submission of false documents to the corporation. Therefore, these counterclaims should have been dismissed for failure to state causes of action.

In view of the foregoing, we do not address the plaintiff's remaining contention. Krausman, J.P., Florio, Lunn and Covello, JJ., concur.