■ NATIONSCREDIT FINANCIAL SERVICES CORPORATION, as Successor in Interest to EQUICREDIT CORPORATION OF NY, Appellant, v LUIS A. TURCIOS et al., Respondents, et al., Defendants. [865 NYS2d 556]—

Respondent, v Luis A. Turcios et al., Respondents-Appellants, et al., Defendants. [866 NYS2d 690]—

In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated October 25, 2007, as denied its motion for summary judgment dismissing the fourth, fifth, sixth, seventh, ninth, tenth, eleventh, and twelfth counterclaims insofar as asserted by the defendants Luis A. Turcios and Aurora Velasquez, and the defendants Luis A. Turcios and Aurora Velasquez cross-appeal from so much of the same order as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law and the facts, by deleting the provisions thereof denying those branches of the plaintiff's motion which were for summary judgment dismissing the fourth, fifth, ninth, tenth, and eleventh counterclaims insofar as asserted by the defendants Luis A. Turcios and Aurora Velasquez and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

The plaintiff met its initial burden of demonstrating its entitlement to judgment as a matter of law dismissing the ninth, tenth, and eleventh counterclaims sounding in fraud, insofar as asserted by the defendants Luis A. Turcios and Aurora Velasquez (hereafter the mortgagors) (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). To sustain a cause of action to recover damages for fraud, the mortgagors were required to prove that the plaintiff made a representation concerning a material fact which was false, and known by the plaintiff to be false at the time the representation was made; that the plaintiff made the representation for the purpose of inducing the mortgagors to rely upon it; that the mortgagors, in ignorance of its falsity, rightfully did so rely; and relied upon the representation to their injury (*see Maisano v Beckoff*, 2 AD3d 412 [2003]; *Otto Roth & Co. v Gourmet Pasta*, 277 AD2d 293, 294-295 [2000]; *C.P.J. Inc. v 234 High Seas Rest. Corp.*, 260 AD2d 524, 525 [1999]; *see also Vermeer Owners v Guterman*, 78 NY2d 1114 [1991]). Here, the plaintiff established both that it did not make the disputed misrepresentation, and that the mortgagors did not rely upon any purported misrepresentation. In response,

the mortgagors failed to raise a triable issue of fact as to either the misrepresentation or reliance element otherwise necessary to make out a prima facie case of fraud (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the Supreme Court improperly denied that branch of the plaintiff's motion which was for summary judgment dismissing the ninth, tenth, and eleventh counterclaims insofar as asserted by the mortgagors (*see Valentin v Chong*, 36 AD3d 896 [2007]; *Watson v Pascal*, 27 AD3d 459 [2006]).

The Supreme Court also improperly denied that branch of the plaintiff's motion which was for summary judgment dismissing the fourth counterclaim alleging prima facie tort, insofar as asserted by the mortgagors, because the mortgagors failed to allege special damages (*see Freihofer v Hearst Corp.*, 65 NY2d 135, 143 [1985]). Additionally, we note the mortgagors did not oppose this branch of the plaintiff's motion before the motion court, nor do they raise any arguments in this regard on appeal.

The Supreme Court improperly denied that branch of the plaintiff's motion which was for summary judgment dismissing the fifth counterclaim insofar as asserted by the mortgagors, alleging a violation of General Business Law article 22-A. Since the allegations concerning noncompliance with General Business law article 22-A were based on purported violations of the Federal Equal Credit Opportunity Act (15 USC §§ 1691-1691f), the Federal Fair Housing Act (42 USC § 3601 *et seq.*), and the Federal Racketeer Influenced Corrupt Organizations Act (18 USC § 1961 *et seq.*), respectively, and the three separate counterclaims based upon the purported violation of these three federal statutes had already been dismissed in a prior order, the plaintiff established its entitlement to judgment as a matter of law with respect to the fifth counterclaim. We note that the mortgagors also did not oppose this branch of the plaintiff's motion before the motion court, nor do they raise any arguments in this regard on appeal.

The parties' remaining contentions are without merit. Mastro, J.P., Fisher, McCarthy and Leventhal, JJ., concur.