■ ECONOBILL CORPORATION, Appellant, v S & S MACHINERY CORP., Respondent. [880 NYS2d 117]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated September 27, 2007, as denied those branches of its motion which were for summary judgment on the complaint and for summary judgment dismissing the third affirmative defense and first counterclaim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint and for summary judgment dismissing the third affirmative defense and first counterclaim are granted, and the matter is remitted to the Supreme Court, Kings County, for entry of judgment in favor of the plaintiff and against the defendant in the principal sum of $41,910.80.

On July 13, 2000, the parties entered into a "Tele-Audit Shared Saving Agreement." Under the terms of the agreement, the defendant authorized the plaintiff to audit its monthly telephone bills with the aim of reducing expenses and eliminating inappropriate charges, and to negotiate directly with its telephone service provider to obtain refunds and credits on the defendant's behalf. The agreement required the defendant to pay the plaintiff 50% of any refund or credit obtained through the plaintiff's efforts. The defendant additionally was required to pay 50% of any reduction in monthly billings which the plaintiff obtained on its behalf through the correction of errors or rate change advisements for a period of 60 months. Pursuant to the contract, the plaintiff audited the defendant's telephone bills, sent technicians to the defendant's offices to examine lines, circuits and wiring, wrote to the defendant's telephone service provider identifying services for which the defendant was being erroneously charged or overbilled, and negotiated with the provider to obtain a refund for overcharges and reductions in the defendant's monthly billing charges.

The plaintiff claims that through its efforts, the defendant received a lump sum refund in the sum of $50,000 in July 2001, and that it effectuated savings totaling $1,373.62 per month in the defendant's telephone bills. Although the defendant paid the plaintiff $25,000, representing 50% of the lump sum refund

it received in July 2001, it refused to make any additional payment for reduction in its monthly billing charges. The plaintiff subsequently commenced this action seeking to recover the sum of $41,910.80, representing its share of the monthly savings it had allegedly obtained on the defendant's behalf, and the defendant counterclaimed for return of the $25,000 it had previously paid the plaintiff. The defendant also alleged, as a third affirmative defense, that the cost savings supposedly obtained by the plaintiff actually had been obtained through the efforts of its own agents and employees.

The plaintiff thereafter moved, inter alia, for summary judgment on the complaint and dismissing the third affirmative defense and first counterclaim seeking return of the $25,000 previously paid. The Supreme Court denied these branches of the plaintiff's motion, and we reverse the order insofar as appealed from.

A party moving for summary judgment has the initial burden of establishing its entitlement to judgment as a matter of law by tendering proof, in admissible form, sufficient to demonstrate the absence of any material issue of fact (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Seidman v Industrial Recycling Props., Inc.,* 52 AD3d 678 [2008]; *Khamis v CG Foods, Inc.,* 49 AD3d 606 [2008]). Here, the plaintiff sustained this burden through the submission of the affidavit of its president and documentary evidence substantiating its claims that it obtained the $50,000 refund and fixed reductions in the defendant's monthly telephone bills through its own efforts. The conclusory and completely unsubstantiated claim by the defendant's General Counsel that he "personally pursued telecommunications rate adjustments and rebates" was insufficient to raise an issue of fact as to whether the subject refund and billing reductions were in actuality achieved through the defendant's own efforts (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Valentin v Chong,* 36 AD3d 896 [2007]; *Udell v Equitable Life Assur. Socy. of U.S.,* 25 AD3d 793 [2006]; *Grosof v Goforth,* 11 AD3d 429 [2004]). The defendant's submissions also failed to raise a triable issue of fact as to whether the monthly savings obtained through the elimination of certain charges for wire maintenance constituted a reduction in service which fell outside of the scope of the agreement rather than the correction of a billing error. Furthermore, although the defendant claimed that the fees demanded by the plaintiff are higher than the industry standard, it offered no evidence that the subject agreement was unconscionable (*see Gendot Assoc., Inc. v Kaufold,* 56

AD3d 421 [2008]). Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the third affirmative defense and first counterclaim. Skelos, J.P., Fisher, Miller and Eng, JJ., concur.