■ TELCAR GROUP, LTD., Now Known as MIGNONE HOLDINGS, LTD., Respondent, v TELCAR CERTIFIED, LTD., et al., De-

fendants/Third-Party Plaintiffs-Appellants. ANGELO MIGNONE, Third-Party Defendant-Respondent. [904 NYS2d 161]—

In an action, inter alia, for a declaratory judgment and to recover damages for conversion, the defendants/third-party plaintiffs appeal from an order of the Supreme Court, Suffolk County (Pines, J.), dated September 14, 2009, which granted the motion of the plaintiff and the third-party defendant for summary judgment on the complaint and dismissing the defendants' counterclaims and the amended third-party complaint, and to sever the third-party defendant's counterclaim.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the plaintiff and the third-party defendant which were for summary judgment on the first and second causes of action of the complaint alleging conversion, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendants/third-party plaintiffs were in discussions to purchase a company known as Telcar Holdings, Ltd. (hereinafter Telcar Holdings). At that time, Telcar Holdings had a secured line of credit with Commerce Bank. At some point, Telcar Holdings defaulted and Commerce Bank sought Telcar Holdings's assets which secured the loan. The defendants/third-party plaintiffs entered into an asset purchase agreement with Commerce Bank to purchase those assets of Telcar Holdings which secured the loan.

A dispute subsequently arose between the plaintiff and the defendants/third-party plaintiffs, among other things, as to ownership of certain accounts receivable (hereinafter the disputed receivables). The plaintiff's complaint sought, inter alia, a declaration that the plaintiff owned the disputed receivables, and to recover damages for the defendants/third-party plaintiffs' alleged conversion of certain of the disputed receivables. The defendants/third-party plaintiffs likewise sought a declaration that they owned the disputed receivables. Following discovery, the plaintiff and the third-party defendant moved, among other things, for summary judgment on the complaint and dismissing the defendants/third-party plaintiffs' counterclaims and the amended third-party complaint. The Supreme Court granted the plaintiff's motion, and the defendants/third-party plaintiffs appeal. We modify.

The Supreme Court properly determined that the plaintiff established, prima facie, that it was entitled to judgment as a

matter of law on the third and fourth causes of action seeking a declaration that the plaintiff owned the disputed receivables (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). In opposition, the defendants failed to raise a triable issue of fact. Thus, the Supreme Court properly granted that branch of the motion of the plaintiff and the third-party defendant which was for summary judgment dismissing the defendants/third-party plaintiffs' first and second counterclaims/causes of action pertaining to the disputed receivables (*see Vasquez v Soto*, 61 AD3d 968 [2009]).

Although the plaintiff demonstrated ownership of the disputed receivables, it failed to demonstrate as a matter of law that the defendants/third-party plaintiffs converted the disputed receivables (*see Watson v Pascal*, 27 AD3d 459, 460 [2006]). Therefore, the Supreme Court improperly granted those branches of the motion of the plaintiff and the third-party defendant which were for summary judgment on the first and second causes of action to recover damages for conversion (*see Eight In One Pet Prods. v Janco Press, Inc.*, 37 AD3d 402, 402-403 [2007]).

The defendants/third-party plaintiffs' remaining contentions are without merit. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur. **[Prior Case History: 25 Misc 3d 1215(A), 2009 NY Slip Op 52103(U).]**