■ RICHARD B. BRUALDI et al., Appellants, v IBERIA, LINEAS AEREAS DE ESPAÑA, S.A., Respondent. [913 NYS2d 753]—

In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiffs appeal from an order of the Supreme Court, Queens County (Flaherty, J.), entered July 20, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This action arises from the attempt of the plaintiff Richard B. Brualdi (hereinafter the plaintiff) to purchase airline tickets on

his computer in New York from the defendant airline's Web site for six of his relatives to travel from Costa Rica to Poland. Despite receiving an e-mail confirmation of his booking, the plaintiff never received the tickets and, as a result, he commenced this action alleging breach of contract and fraud, and requesting punitive damages. The defendant moved for summary judgment dismissing the complaint, contending, among other things, in effect, that a contract did not exist between the parties since the transaction was never completed due to restrictions on the fare, requiring that tickets for travel originating in Costa Rica had to be purchased in that country, and due to the fact that the plaintiff's credit card was declined. The Supreme Court granted the defendant's motion, the plaintiff appeals, and we affirm.

In order to maintain a cause of action alleging breach of contract, the plaintiff must establish (1) the formation of a contract between the plaintiff and the defendant, (2) performance by the plaintiff, (3) the defendant's failure to perform, and (4) resulting damages (*see JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802 [2010]). Here, assuming that a contract was formed, the plaintiff was unable to establish that he performed under the contract since deposition testimony and certain documents were submitted in support of the defendant's motion showing that the plaintiff's credit card was declined and the transaction was never completed. In opposition, the plaintiff failed to raise a triable issue of fact regarding his performance under the contract. In fact, the plaintiff testified at his deposition that he could not recall whether he entered his credit card information on the defendant's Web site the day he booked the flights. Furthermore, the plaintiff's credit card statement for the date that he claimed to have purchased the tickets did not show the purchase or that the credit card was ever charged.

Since the plaintiff failed to pay for the tickets, and thus failed to perform a substantial obligation under the contract, the defendant had the right to rescind the contract, which it did pursuant to an e-mail sent to the plaintiff notifying him that the transaction would be cancelled if he did not contact the defendant within 48 hours, which he failed to do (*see Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co.*, 199 NY 268, 284 [1910]; *Babylon Assoc. v County of Suffolk*, 101 AD2d 207 [1984]; *Sherman v Hallmark*, 181 Misc 2d 889 [1999]).

A cause of action alleging fraud must be pleaded with specificity (*see* CPLR 3016 [b]; *Dumas v Fiorito*, 13 AD3d 332 [2004]; *107 Realty Corp. v National Petroleum U.S.A.*, 181 AD2d 817 [1992]). Here, the plaintiff failed to properly plead the elements

of misrepresentation of a material fact or scienter in his complaint with specificity, as the complaint did not contain factual allegations showing that the defendant made a representation concerning a material fact which was false and known by the defendant to be false at the time it was made and that the defendant made the representation with the purpose of inducing the plaintiff to rely upon it (*see Nationscredit Fin. Servs. Corp. v Turcios*, 55 AD3d 806 [2008]; *Maisano v Beckoff*, 2 AD3d 412 [2003]). Thus, the Supreme Court properly awarded summary judgment to the defendant dismissing the cause of action alleging fraud.

Lastly, "[a] demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action" (*Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616 [1994]). Accordingly, the Supreme Court properly held that punitive damages may not be sought as a separate cause of action and, as stated by the Supreme Court in the order appealed from, it "necessarily falls upon the dismissal of the other causes of action" (*see Weir Metro Ambu-Serv. v Turner*, 57 NY2d 911 [1982]). Covello, J.P., Florio, Eng and Chambers, JJ., concur.