■ Gloria Hinz, Respondent, v Ronald Hinz et al., Appellants. [996 NYS2d 317]—

In an action, inter alia, to impose a constructive trust upon certain real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered April 16, 2013, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

In March 1998, the defendant Ronald Hinz, and his wife, the defendant Maria Hinz, purchased a house in Nassau County. The plaintiff, Ronald's mother, contributed $120,000 toward the purchase of the house, and thereafter rented an apartment in the house from the defendants. In March 2001, the plaintiff's estate planning attorney proposed that the defendants enter into a written agreement with the plaintiff granting her a life estate in the premises, or, in the alternative, providing her living quarters for her lifetime, or reimbursing her for her contribution to the purchase of the house. The defendants refused to sign the agreement, and the plaintiff continued to reside in the apartment. Approximately 11 years later, in February 2012, the plaintiff commenced this action to impose a constructive trust on the property, for partition of the property, and specific performance, or, in the alternative, to recover damages for fraud, breach of contract, and conversion. In an order entered April 16, 2013, the Supreme Court, inter alia, denied the defendants' motion for summary judgment dismissing the complaint.

The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing, as time-barred, the first cause of action, which was to impose a constructive trust on the property, and the third through sixth causes of action, which sounded in specific performance, fraud, breach of contract, and conversion, respectively. The defendants established that the accrual date for these causes of action was either the date that they acquired the property in their names only in March 1998, or when they refused to sign the written agreement proposed by the plaintiff's estate planning attorney in

March 2001 (*see* CPLR 213, 214; *Quadrozzi v Estate of Quadrozzi*, 99 AD3d 688, 690 [2012]; *Oggioni v Oggioni*, 46 AD3d 646, 648 [2007]). Since the defendants demonstrated that the plaintiff did not commence this action until February 2012, the defendants established, prima facie, that these causes of action were time-barred. Moreover, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the second cause of action, which was for partition of the property, since "the plaintiff was not '[a] person holding and in possession of real property as joint tenant or tenant in common' " (*Watson v Pascal*, 27 AD3d 459, 460 [2006], quoting RPAPL 901 [1]).

In opposition, the plaintiff failed to raise a triable issue of fact, and did not demonstrate that summary judgment should have been denied because discovery remained outstanding (*see Town of Brookhaven v Mascia*, 38 AD3d 758, 759 [2007]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.

In light of our determination, we need not reach the defendants' remaining contention. Mastro, J.P., Skelos, Roman and Maltese, JJ., concur.