■ HAYLE H. DAVY, Respondent-Appellant, v JP MORGAN CHASE & Co. et al., Appellants-Respondents. [1 NYS3d 145]—

In an action, inter alia, to recover damages for breach of a loan commitment, the defendants appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated October 19, 2012, which, in effect, denied their motion for summary judgment dismissing the complaint, sua sponte directed the defendants to refinance the plaintiff's mortgage at the prevailing rate for a 15-year loan, and directed the plaintiff to bring the payments due under the mortgage current, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as, sua sponte, directed the defendants to refinance the plaintiff's mortgage at the prevailing rate for a 15-year loan, and directed the plaintiff to bring the payments due under the mortgage current.

Ordered that on the Court's own motion, the notices of appeal and cross appeal from so much of the order as, sua sponte, directed the defendants to refinance the plaintiff's mortgage at the prevailing rate for a 15-year loan, and directed the plaintiff to bring the payments due under the mortgage current, are deemed applications for leave to appeal and cross-appeal from those portions of the order, and leave to appeal and cross-appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with costs to the defendants, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff commenced this action against the defendants JP Morgan Chase & Co. and JP Morgan Chase Bank, N.A. (hereinafter together JP Morgan), to recover damages for breach of a loan commitment and for unjust enrichment. The plaintiff alleged that, on or about December 9, 2009, the parties entered into an agreement to consolidate an existing mortgage with a second mortgage issued by JP Morgan, to form a single lien and consolidated note in the amount of $320,000, with interest at a rate of 4.625%. A closing was held on December 9, 2009. However, JP Morgan subsequently canceled the transaction and refused to fund the loan on the ground that the plaintiff failed to comply with a condition precedent set forth in the loan commitment, that is, a requirement that the plaintiff provide an original hazard insurance policy and paid receipt confirming that the subject premises were insured for the following year.

After discovery, JP Morgan moved for summary judgment dismissing the complaint. By order dated October 19, 2012, the

Supreme Court, in effect, denied the motion and, sua sponte, directed JP Morgan to refinance the plaintiff's mortgage at the prevailing rate for a 15-year loan, and directed the plaintiff to bring the payments due under the mortgage current. We reverse.

"In order to maintain a cause of action alleging breach of contract, the plaintiff must establish (1) the formation of a contract between the plaintiff and the defendant, (2) performance by the plaintiff, (3) the defendant's failure to perform, and (4) resulting damages" (*Brualdi v IBERIA, Lineas Aereas de España, S.A.*, 79 AD3d 959, 960 [2010]; *see JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802, 803 [2010]).

Here, JP Morgan established, prima facie, that the plaintiff failed to satisfy a condition precedent to the loan commitment. Under the circumstances, the loan commitment did not become a binding and enforceable contract between the parties (*see Transit Mgt., LLC v Watson Indus., Inc.*, 23 AD3d 1152, 1154 [2005]; *see generally Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 [1995]), and it expired by its express terms on December 29, 2009. In opposition, the plaintiff failed to raise a triable issue of fact with respect to the breach of contract cause of action.

Moreover, JP Morgan demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging unjust enrichment. In order to recover damages for unjust enrichment, a plaintiff must show that (1) the other party was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]). In this case, while the plaintiff may allege a cause of action to recover damages for unjust enrichment as an alternative to the cause of action alleging breach of contract (*see* CPLR 3014; *Thompson Bros. Pile Corp. v Rosenblum*, 121 AD3d 672 [2014]), JP Morgan demonstrated, prima facie, that it was not enriched at the plaintiff's expense as a result of its failure to fund the subject loan. In opposition to JP Morgan's prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court should have granted JP Morgan's motion for summary judgment dismissing the complaint. Mastro, J.P., Roman, Sgroi and Maltese, JJ., concur.