Hanife Yildirim, Respondent, 
against
Turkish Airlines, Appellant.




Richard Grimaldi, Esq., for appellant.
Hanife Yildirm, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered May 5, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,574.13.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $3,000, based on defendant's refusal to honor the return portion of round-trip tickets she had purchased for herself and her two children for travel between New York City and Istanbul, Turkey. This court previously reversed a judgment dismissing the action following a nonjury trial, and remitted the matter for a new trial (Yildirim v Turkish Airlines, 47 Misc 3d 133[A], 2015 NY Slip Op 50468[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
At the second nonjury trial, plaintiff testified that, on September 5, 2012, she had gone to the Istanbul airport with her children for the purpose of using the return portion of round-trip tickets she had purchased from defendant for travel between New York City and Istanbul, Turkey, and had arrived more than an hour prior to the scheduled departure time for their flight, but that the actions of defendant's employees had prevented her timely check-in. Plaintiff further testified that defendant had wrongfully claimed that plaintiff and her children had arrived late, and on that basis had refused to honor their tickets. Plaintiff stated that she had therefore been compelled to purchase replacement tickets for the return journey to New York, and provided the court with documentation which established the $2,574.13 cost of the replacement tickets. Defendant failed to produce any witnesses or documentation to corroborate its claim that plaintiff had arrived late at the Istanbul airport. Following the trial, the Civil Court awarded judgment in favor of plaintiff in the principal sum of $2,574.13.
In a small claims action, our review is limited to a determination of whether "substantial [*2]justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). 
By her testimony, plaintiff made out a prima facie case (see Brualdi v IBERIA, Lineas Aereas de España, S.A., 79 AD3d 959, 960 [2010]), which defendant failed to refute. The judgment in favor of plaintiff implicitly rested on a credibility determination which, upon a review of the record, we find no basis to disturb.
As substantial justice has been done between the parties (see CCA 1807, 1804), the judgment is affirmed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: June 02, 2017