National Refund & Util. Servs., Inc. v West 34th Apts. Corp. (2022 NY Slip Op 00676)





National Refund & Util. Servs., Inc. v West 34th Apts. Corp.


2022 NY Slip Op 00676


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
WILLIAM G. FORD, JJ.


2018-08834
2018-08840
2018-11494
2018-11497
 (Index Nos. 604623/15, 604624/15)

[*1]National Refund & Utility Services, Inc., etc., respondent, 
v
West 34th Apts. Corp., etc., appellant. (Action No. 1)
National Refund & Utility Services, Inc., etc., respondent, v 36 Plaza Corp., appellant. (Action No. 2)


Richard L. Yellen & Associates, LLP, New York, NY (Brendan C. Kombol of counsel), for appellants.
Adam B. Kaufman & Associates, PLLC (Law Office of Judah Z. Cohen, PLLC, Woodmere, NY, of counsel), for respondent.



DECISION & ORDER
In two related actions, inter alia, to recover damages for breach of contract, which were joined for trial, the defendant in Action No. 1 appeals from (1) a judgment of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered May 14, 2018, and (2) a judgment of the same court entered July 30, 2018, and the defendant in Action No. 2 separately appeals from (3) a judgment of the same court entered May 14, 2018, and (4) a judgment of the same court entered July 30, 2018. The judgment entered May 14, 2018, in Action No. 1, upon a decision of the same court dated April 19, 2018, made after a nonjury trial, is in favor of the plaintiff and against the defendant in Action No. 1 in the total sum of $875,151.97. The judgment entered July 30, 2018, in Action No. 1, upon a decision of the same court (Daniel R. Palmieri, JHO) dated June 27, 2018, following a hearing to determine the award of attorney's fees due to the plaintiff in each action, is in favor of the plaintiff and against the defendant in Action No. 1 in the total sum of $166,315.36. The judgment entered May 14, 2018, in Action No. 2, upon the decision dated April 19, 2018, is in favor of the plaintiff and against the defendant in Action No. 2 in the total sum of $309,302.62. The judgment entered July 30, 2018, in Action No. 2, upon the decision dated June 27, 2018, is in favor of the plaintiff and against the defendant in Action No. 2 in the total sum of $58,435.13.
ORDERED that the judgments are affirmed, with one bill of costs.
The Supreme Court correctly found that the plaintiff corporation was entitled to recovery on its cause of action for breach of contract asserted against each of the defendants. The plaintiff established that it entered into a written contract with each of the defendants to provide tax auditing services, that it performed its obligations under those contracts, and that the defendants [*2]failed to perform their obligations under the contracts, resulting in damages (see Davy v JP Morgan Chase & Co., 123 AD3d 870; Brualdi v IBERIA, Lineas Aereas de Espana, S.A., 79 AD3d 959).
The defendants contend that the contracts are void as a matter of law because the plaintiff was engaged in the unauthorized practice of law. The defendants cite no case law that supports their proposition that a corporation providing tax auditing services, such as the plaintiff, is engaged in the unauthorized practice of law in providing such services if said corporation is owned by attorneys. The Appellate Division, First Department has found that since agents are permitted by law to appear before the tax commission to attempt to reduce assessments, such services are not illegal provided the activities are confined to that limited sphere. However, where the representation entails the performance of legal services, only a duly licensed lawyer should be permitted to act for the owner. The legality of the transaction, therefore, depends upon the nature of the services rendered, or contemplated to be performed, under the agreement of hire (see Realty Appraisals Co. v Astor-Broadway Holding Corp., 5 AD2d 36; see also Tanenbaum v Higgins, 190 AD 861). In the instant case, the written contracts contain no promises by the plaintiff to pursue judicial relief on behalf of a client, which would be a service that impinges on the practice of law (see Matter of Property Valuation Analysts v Williams, 164 AD2d 131).
The defendants' contentions that the plaintiff corporation violated Judiciary Law § 495 and that the owners of the plaintiff corporation, who are attorneys, violated rules 5.7(a)(3) and (4) of the Rules of Professional Conduct (22 NYCRR 1200.0) are without merit.
IANNACCI, J.P., CHAMBERS, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court